# EXHIBIT "A"

# CIVIL DOCKET

M Inc., Dallas 1-800-648-7022

CASE NO. 20CV 35275

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 20CV 35275 | ROLANDETTE GLENN | KURT ARNOLD | CIVIL- OTHER | 6 | 11 | 2020 |
| | VS. | Plaintiff. | INJURY | | | |
| **FEE BOOK** | JASON ORSAK, ERICA ANTHONY, | | | Jury Demanded by | | |
| Vol. / Page | AND MARIA CRUZ | | | Jury Fee, $ | | |
| 48 / 430 | | Defendant. | | Paid by | | |

| DATE OF ORDERS | | | ORDERS OF COURT | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Mo. | Day | Year | | Vol. | Page | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY

STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby
County, Texas do hereby certify that the
foregoing is a true and correct copy of the
original record now in my lawful custody and
possession, as appears of record in Vol._____
Page _____ Minutes of said court on file in
my office.
Witness my official hand and seal of office,
this 8-19-2020

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS
By _____

20CV35275

**Filed 6/11/2020 1:27 PM**
**Lori Oliver**
**District Clerk**
**Shelby County, Texas**
Pamela Whitton

CAUSE NO. 20CV35275

| | | |
|---|---|---|
| Rolandette Glenn, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| vs. | § | SHELBY COUNTY, TEXAS |
| | § | |
| | § | |
| Jason Orsak, Erica Anthony, and Maria Cruz, | § | |
| | § | |
| *Defendants* | § | 273RD TH JUDICIAL DISTRICT |

## ORIGINAL PETITION

Rolandette Glenn ("Plaintiff") complains of Jason Orsak, Erica Anthony, and Maria Cruz (collectively "Defendants") and will respectfully show the Court the following:

### I.

### NATURE OF ACTION

1. This is an action to recover damages after Plaintiff contracted COVID-19 while working at Tyson's meatpacking plant in Center, Texas.

### II.

### DISCOVERY

2. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### III.

### JURISDICTION AND VENUE

3. Plaintiff's claims arise under the laws of Texas.

4. The Court has jurisdiction over this case because Plaintiff seeks damages within the jurisdictional limits of this Court. Further, this case is not removable because Plaintiff has not



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___1___ of ___8___

made any federal claims and complete diversity of citizenship is lacking because Plaintiff and Defendants are all citizens of the state of Texas.

5.      Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3) because one or more Defendants either resides or maintains a principal place of business in this County. Venue is also proper under Texas Civil Practice and Remedies Code Section 15.002(a)(1) because the acts or omissions giving rise to this suit occurred in this County.

## IV.

### PARTIES

6.      Plaintiff is a resident of Texas.

7.      Defendant Jason Orsak is a resident of Texas and was the Complex Safety Manager for the Tyson facility in Center, Texas. Mr. Orsak can be served with process at his home address of 445 FM 699 Center, Texas 75935 or wherever he may be found.

8.      Defendant Erica Anthony is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Anthony can be served with process at her home address of 217 Parrott Drive, Ste. 205, Nacogdoches, Texas 75965 or wherever she may be found.

9.      Defendant Maria Cruz is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Cruz can be served with process at her home address of 3438 N. U.S. Highway 271, Mount Pleasant, Texas 75455 or wherever she may be found.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 2 of 8

## V.

### FACTS

10.     Plaintiff worked at the Tyson meatpacking plant in Center, Texas. In spring of 2020, the COVID-19 pandemic began sweeping the United States. Many States and Counties began implementing proactive safety measures to prevent the spread of COVID-19.

11.     In Texas, Governor Abbott issued a stay-at-home order for the State of Texas that took effect on April 2, 2020. Despite the stay-at-home order, Plaintiff was required to continue working at the Tyson meatpacking plant in Center, Texas after April 2, 2020. Plaintiff also worked at the Center, Texas meatpacking plant prior to April 2, 2020.

12.     Both prior to April 2, 2020, and after April 2, 2020, Tyson failed to take adequate precautions to protect the workers at its meatpacking facilities, including the Center, Texas meatpacking facility. Even when the rest of the country and the State of Texas were taking significant precautions to prevent the spread of COVID-19 even prior to April 2, 2020, Tyson did not do the same thing. And even after April 2, 2020, Tyson still required its employees to come to work and did not provide adequate precautions or protections to help protect its employees from COVID-19.

13.     Defendants Jason Orsak (the complex safety manger), Erica Anthony (safety coordinator), and Maria Cruz (safety coordinator) were directly responsible for implementing a safe work environment at Tyson's Center, Texas meatpacking plant.[1] These Defendants were also directly responsible for implementing and enforcing adequate safety measures to prevent the spread of COVID-19 to the Tyson employees working at the Center, Texas meatpacking plant.

---

[1] Tyson Foods chose not to obtain workers compensation insurance in the State of Texas. Thus, Tyson and its agents (the named Defendants in this lawsuit) are liable to Plaintiff for her personal injuries sustained in the course and scope of her employment.



Defendants Jason Orsak, Erica Anthony, and Maria Cruz failed to fulfill their job duties to provide a safe working environment to Plaintiff. As a direct result of the negligence and gross negligence of Defendants, Plaintiff contracted COVID-19 at the Center, Texas meatpacking plant and has experienced significant injuries as a result.

14.     Thousands of Tyson employees have been exposed to COVID-19 at Tyson's meatpacking facilities. Upon information and belief, at least 4,500 Tyson employees have contracted COVID-19, and at least 18 employees have died as a result of exposure to COVID-19 at Tyson's meatpacking facilities.

15.     In Texas, Tyson chose not to provide its employees with workers compensation insurance. Instead, Tyson has implemented a program called WISP or Workplace Injury Settlement Program wherein Tyson pressures employees to sign releases before providing injury benefits. In many cases, Tyson then pays limited, if any benefits, once its employees have signed away their right to sue.

16.     Tyson's conduct, effectuated through the named Defendants in this lawsuit, was negligent and grossly negligent and was the cause of the underlying incident.

### VI.

### CAUSES OF ACTION

#### A. *Negligence and Gross Negligence against all Defendants.*

17.     Plaintiff repeats and re-alleges each allegation contained above.

18.     Defendants are negligent and grossly negligent for the following reasons:

    a.     Failed to provide a safe work environment;

    b.     Requiring Plaintiff to continue working at the meatpacking plant when it was no longer safe to do so due to COVID-19;

    c.     Failed to provide adequate PPE to the workers at the meatpacking plant;


Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ of ___

d.      Failed to implement adequate precautions and social distancing at the meatpacking plant;

e.      Failed to follow guidelines set forth by the WHO and CDC with regard to COVID-19 at the meatpacking plant;

f.      Failed to warn of the dangerous conditions at the meatpacking regarding COVID-19;

g.      Failure to properly train Tyson employees at the meatpacking plant;

h.      Failure to provide adequate medical treatment;

i.      Allowed and required individuals who were infected with COVID-19 to continue to work at the meatpacking plant infecting other individuals; and

j.      Other acts deemed negligent and grossly negligent.

19.     Defendants owed Plaintiff a legal duty of the foregoing.

20.     Defendants breached these duties, and as a direct and proximate result of Defendants' breaches of duty caused serious bodily injury to Plaintiff, resulting in the following damages: physical pain, mental anguish, physical impairment, past and future medical expenses, loss of earning capacity, and loss of services. Because of the severity and degree of Plaintiff's injuries, Plaintiff will incur significant future medical expenses as a result of Defendants' negligent and grossly negligent conduct.

21.     Further, Defendants are liable for their grossly negligent conduct. Defendants' actions and/or omissions, when viewed objectively, exposed Plaintiff to an extreme degree of risk with no regard for the probability and magnitude of the potential harm. Defendants also had actual, subjective awareness of the risk involved, yet chose to proceed in conscious indifference to the


Lo5 Oliver, District Clerk
Shelby County, Texas
CERTIFIED COPY
on 5 of 8

rights, safety, and welfare of Plaintiff. Thus, Plaintiff is entitled to exemplary damages against Defendants.

## VII.

### DAMAGES

22.     As a result of said occurrences, Plaintiff sustained severe injuries to her body, lungs, and respiratory system in general, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.

23.     Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Plaintiff's injuries were caused by malicious, willful, reckless, or wanton acts or omissions of Defendants, or alternatively the gross negligence of Defendants' employees, agents or representatives.

## VIII.

### JURY TRIAL

24.     Plaintiff hereby requests a trial by jury on all claims and submits her jury fee herewith.

## IX.

### PRAYER

25.     Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such


Lori Oliver District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 6 of 8

other relief to which Plaintiff show herself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that she seeks damages in excess of $1,000,000 and prays for relief and judgment, as follows:

   a.  Compensatory damages against Defendants;

   b.  Actual damages;

   c.  Consequential damages;

   d.  Pain and suffering;

   e.  Exemplary damages;

   f.  Past and future mental anguish;

   g.  Past and future impairment;

   h.  Past and figure disfigurement;

   i.  Loss of wages past and future;

   j.  Loss of earning capacity;

   k.  Interest on damages (pre- and post-judgment) in accordance with law;

   l.  Plaintiffs' reasonable attorneys' fees;

   m.  Costs of court;

   n.  Expert witness fees;

   o.  Costs of copies of depositions; and

   p.  Such other and further relief as the Court may deem just and proper.

Lori Oliver, District Clerk
Shelby County, Texas
CERTIFIED COPY
of 8

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Joseph McGowin
SBN: 24117268
jmcgowin@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby
County, Texas do hereby certify that the
foregoing is a true and correct copy of the
original record, now in my lawful custody and
possession, as appears of record in Vol. _____,
Page_____ Minutes of said court on file in
my office.

Witness my official hand and seal of office,
this ___8-19-2020___.

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS

By_____



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___8___ of ___8___

20CV35275

## CIVIL PROCESS REQUEST

Filed 6/11/2020 1:27 PM
Lori Oliver
District Clerk
Shelby County, Texas
Pamela Whitton

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** 20CV35275      **CURRENT COURT:** 273RD

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): Citation w/ Original Petition

**FILE DATE OF MOTION:** 06/11/2020
Month/    Day/    Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Maria Cruz

   ADDRESS: 3438 N. U.S. Highway 271, Mount Pleasant, Texas 75455

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): Citation w/ Original Petition

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP**      ☐ **CONSTABLE**
☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
☐ **MAIL**      ☐ **CERTIFIED MAIL**
☐ **PUBLICATION:**
     Type of Publication: ☐ **COURTHOUSE DOOR, or**
     ☐ **NEWSPAPER OF YOUR CHOICE:** _____
☒ **OTHER,** *explain* Please email citations to e-service@arnolditkin.com

*****************************************************************************************
****

2. NAME: _____

   ADDRESS: _____

   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP**      ☐ **CONSTABLE**
☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
☐ **MAIL**      ☐ **CERTIFIED MAIL**
☐ **PUBLICATION:**
     Type of Publication: ☐ **COURTHOUSE DOOR, or**
     ☐ **NEWSPAPER OF YOUR CHOICE:** _____
☐ **OTHER,** *explain* _____

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Kurt Arnold      TEXAS BAR NO./ID NO. 24036150

MAILING ADDRESS: 6009 Memorial Drive, Houston, Texas 77007

PHONE NUMBER: 713   222-3800      FAX NUMBER: 713   222-3850
area code   phone number      area code   fax number

EMAIL ADDRESS: e-service@arnolditkin.com



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
Page 1 of 2
pg of 2

CIVIC108 Revised 8/3/00

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

**INSTRUMENTS TO BE SERVED:**
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

    ORDER TO: _____
                   (specify)

    MOTION TO: _____
                 (specify)

**PROCESS TYPES:**

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)
SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

COUNTY OF THE STATE

I, Lori Oliver, District Clerk of Shelby County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, as appears of record in the same number and Page _____ Minutes of the Courts in my office.

Witness my official hand and seal of office, this _____ 8 · 19 · 20 20

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS

By _____



Lori Oliver, District Clerk
Shelby County, Texas
Page 2 of 2
A CERTIFIED COPY
pg 2 of 2

20CV35275

**Filed 6/11/2020 1:27 PM**
**Lori Oliver**
**District Clerk**
**Shelby County, Texas**
Pamela Whitton

## CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** 20CV35275          **CURRENT COURT:** 273RD

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Citation w/ Original Petition

**FILE DATE OF MOTION:**          06/11/2020
                                  Month/   Day/   Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. NAME: Jason Orsak

   ADDRESS: 445 FM 699, Center, Texas 75935

   AGENT, (if applicable):

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation w/ Original Petition

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:   ☐ **COURTHOUSE DOOR, or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☒ **OTHER,** *explain* Please email citations to e-service@arnolditkin.com

*******************************************************************************

****

2. NAME: Erica Anthony

   ADDRESS: 217 Parrott Drive, Ste. 205, Nacogdoches, Texas 75965

   AGENT, (if applicable):

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation w/ Original Petition

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**                    ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**                                ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
     Type of Publication:   ☐ **COURTHOUSE DOOR, or**
                            ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☒ **OTHER,** *explain* Please email citations to e-service@arnolditkin.com.

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Kurt Arnold                          TEXAS BAR NO./ID NO. 24036150

MAILING ADDRESS: 6009 Memorial Drive, Houston, Texas 77007

PHONE NUMBER: 713      222-3800          FAX NUMBER: 713      222-3850
              area code   phone number                area code   fax number

EMAIL ADDRESS: e-service@arnolditkin.com



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
Page 1 of 2
pg _____ 1 _____ of _____ 2

CIVC108 Revised 9/3/00

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO: _____
              (specify)

MOTION TO: _____
              (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

STATE OF TEXAS
COUNTY OF SHELBY
SCIRE FACIAs Lori Oliver, District Clerk of Shelby
SEQUESTRA County, Texas do hereby certify that the
SUPERSEDE foregoing is a true and correct copy of the
original record, now in my lawful custody and
possession, as appears of record in Vol. _____,
Page _____ Minutes of said court on file in
my office.

Witness my official hand and seal of office,
this _____ 8-19-2020

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS
By _____



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg _____ 2 of 2

CIVC109 Revised 0/2/00

20CV35275

 **LORI OLIVER, DISTRICT CLERK - P.O. DRAWER 1953, CENTER, TX 75935**

**Filed 6/25/2020 1:30 PM**
**936-598-4164** **Lori Oliver**
**District Clerk**
**Shelby County, Texas**
LaCrystal Johnson

**Cause No. 20CV35275**

THE STATE OF TEXAS

ROLANDETTE GLENN | IN THE DISTRICT COURT

VS. | OF

JASON ORSAK, ERICA ANTHONY, AND MARIA CRUZ | SHELBY COUNTY, TEXAS

TO: ERICA ANTHONY, at 217 Parrott Drive, Nacogdoches, Texas 75965:

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the attached **ORIGINAL PETITION** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation, before the 123RD/273RD Judicial District Court of Shelby County, Texas at the Courthouse in said County in Center, Texas. Said Plaintiff's Petition was filed in said court on the **11th day of June, 2020** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of **ORIGINAL PETITION** accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Shelby County Texas this **15th** day of **June, 2020**

Attorney for Plaintiff or Plaintiffs:
Kurt Arnold
6009 Memorial Drive
Houston, Texas 77007
(713) 222-3800

Lori Oliver
District Clerk:
Shelby County, Texas

By _Pamela Whitton_
Pamela Whitton, Deputy Clerk

## Service Return

Came to hand on the _____ day of _____, 20___, at _____m and executed on the _____ day of
_____, 20___, at _____ M by delivering to the within named _____ in person a true
copy of this citation, with attached copy(ies) of the

_____ at

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Service Fee: $ _____
Service ID No. _____

_____ Sheriff/Constable
_____ County, Texas

_____
Deputy/Authorized Person

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _____, 20___.

_____
Notary Public



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 1 of 10

20CV35275

Filed 6/11/2020 1:27 PM
Lori Oliver
District Clerk
Shelby County, Texas
Pamela Whitton

CAUSE NO. 20CV35275

| | | |
|---|---|---|
| Rolandette Glenn, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | SHELBY COUNTY, TEXAS |
| vs. | § | |
| | § | |
| | § | |
| Jason Orsak, Erica Anthony, and Maria Cruz, | § | |
| | § | |
| *Defendants* | § | 273RD TH JUDICIAL DISTRICT |

## ORIGINAL PETITION

Rolandette Glenn ("Plaintiff") complains of Jason Orsak, Erica Anthony, and Maria Cruz (collectively "Defendants") and will respectfully show the Court the following:

### I.

### NATURE OF ACTION

1. This is an action to recover damages after Plaintiff contracted COVID-19 while working at Tyson's meatpacking plant in Center, Texas.

### II.

### DISCOVERY

2. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### III.

### JURISDICTION AND VENUE

3. Plaintiff's claims arise under the laws of Texas.

4. The Court has jurisdiction over this case because Plaintiff seeks damages within the jurisdictional limits of this Court. Further, this case is not removable because Plaintiff has not


Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 2 of 10

made any federal claims and complete diversity of citizenship is lacking because Plaintiff and Defendants are all citizens of the state of Texas.

5.     Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3) because one or more Defendants either resides or maintains a principal place of business in this County. Venue is also proper under Texas Civil Practice and Remedies Code Section 15.002(a)(1) because the acts or omissions giving rise to this suit occurred in this County.

## IV.

### PARTIES

6.     Plaintiff is a resident of Texas.

7.     Defendant Jason Orsak is a resident of Texas and was the Complex Safety Manager for the Tyson facility in Center, Texas. Mr. Orsak can be served with process at his home address of 445 FM 699 Center, Texas 75935 or wherever he may be found.

8.     Defendant Erica Anthony is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Anthony can be served with process at her home address of 217 Parrott Drive, Ste. 205, Nacogdoches, Texas 75965 or wherever she may be found.

9.     Defendant Maria Cruz is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Cruz can be served with process at her home address of 3438 N. U.S. Highway 271, Mount Pleasant, Texas 75455 or wherever she may be found.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 3 of 10

## V.

### FACTS

10.    Plaintiff worked at the Tyson meatpacking plant in Center, Texas. In spring of 2020, the COVID-19 pandemic began sweeping the United States. Many States and Counties began implementing proactive safety measures to prevent the spread of COVID-19.

11.    In Texas, Governor Abbott issued a stay-at-home order for the State of Texas that took effect on April 2, 2020. Despite the stay-at-home order, Plaintiff was required to continue working at the Tyson meatpacking plant in Center, Texas after April 2, 2020. Plaintiff also worked at the Center, Texas meatpacking plant prior to April 2, 2020.

12.    Both prior to April 2, 2020, and after April 2, 2020, Tyson failed to take adequate precautions to protect the workers at its meatpacking facilities, including the Center, Texas meatpacking facility. Even when the rest of the country and the State of Texas were taking significant precautions to prevent the spread of COVID-19 even prior to April 2, 2020, Tyson did not do the same thing. And even after April 2, 2020, Tyson still required its employees to come to work and did not provide adequate precautions or protections to help protect its employees from COVID-19.

13.    Defendants Jason Orsak (the complex safety manger), Erica Anthony (safety coordinator), and Maria Cruz (safety coordinator) were directly responsible for implementing a safe work environment at Tyson's Center, Texas meatpacking plant.[1] These Defendants were also directly responsible for implementing and enforcing adequate safety measures to prevent the spread of COVID-19 to the Tyson employees working at the Center, Texas meatpacking plant.

---

[1] Tyson Foods chose not to obtain workers compensation insurance in the State of Texas. Thus, Tyson and its agents (the named Defendants in this lawsuit) are liable to Plaintiff for her personal injuries sustained in the course and scope of her employment.



Lor3Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ____ of ____

Defendants Jason Orsak, Erica Anthony, and Maria Cruz failed to fulfill their job duties to provide a safe working environment to Plaintiff. As a direct result of the negligence and gross negligence of Defendants, Plaintiff contracted COVID-19 at the Center, Texas meatpacking plant and has experienced significant injuries as a result.

14. Thousands of Tyson employees have been exposed to COVID-19 at Tyson's meatpacking facilities. Upon information and belief, at least 4,500 Tyson employees have contracted COVID-19, and at least 18 employees have died as a result of exposure to COVID-19 at Tyson's meatpacking facilities.

15. In Texas, Tyson chose not to provide its employees with workers compensation insurance. Instead, Tyson has implemented a program called WISP or Workplace Injury Settlement Program wherein Tyson pressures employees to sign releases before providing injury benefits. In many cases, Tyson then pays limited, if any benefits, once its employees have signed away their right to sue.

16. Tyson's conduct, effectuated through the named Defendants in this lawsuit, was negligent and grossly negligent and was the cause of the underlying incident.

## VI.

### CAUSES OF ACTION

#### A. *Negligence and Gross Negligence against all Defendants.*

17. Plaintiff repeats and re-alleges each allegation contained above.

18. Defendants are negligent and grossly negligent for the following reasons:

    a. Failed to provide a safe work environment;

    b. Requiring Plaintiff to continue working at the meatpacking plant when it was no longer safe to do so due to COVID-19;

    c. Failed to provide adequate PPE to the workers at the meatpacking plant;



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 5 of 10

d. Failed to implement adequate precautions and social distancing at the meatpacking plant;

e. Failed to follow guidelines set forth by the WHO and CDC with regard to COVID-19 at the meatpacking plant;

f. Failed to warn of the dangerous conditions at the meatpacking regarding COVID-19;

g. Failure to properly train Tyson employees at the meatpacking plant;

h. Failure to provide adequate medical treatment;

i. Allowed and required individuals who were infected with COVID-19 to continue to work at the meatpacking plant infecting other individuals; and

j. Other acts deemed negligent and grossly negligent.

19. Defendants owed Plaintiff a legal duty of the foregoing.

20. Defendants breached these duties, and as a direct and proximate result of Defendants' breaches of duty caused serious bodily injury to Plaintiff, resulting in the following damages: physical pain, mental anguish, physical impairment, past and future medical expenses, loss of earning capacity, and loss of services. Because of the severity and degree of Plaintiff's injuries, Plaintiff will incur significant future medical expenses as a result of Defendants' negligent and grossly negligent conduct.

21. Further, Defendants are liable for their grossly negligent conduct. Defendants' actions and/or omissions, when viewed objectively, exposed Plaintiff to an extreme degree of risk with no regard for the probability and magnitude of the potential harm. Defendants also had actual, subjective awareness of the risk involved, yet chose to proceed in conscious indifference to the



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___6___ of ___10___

rights, safety, and welfare of Plaintiff. Thus, Plaintiff is entitled to exemplary damages against Defendants.

## VII.

### DAMAGES

22. As a result of said occurrences, Plaintiff sustained severe injuries to her body, lungs, and respiratory system in general, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.

23. Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Plaintiff's injuries were caused by malicious, willful, reckless, or wanton acts or omissions of Defendants, or alternatively the gross negligence of Defendants' employees, agents or representatives.

## VIII.

### JURY TRIAL

24. Plaintiff hereby requests a trial by jury on all claims and submits her jury fee herewith.

## IX.

### PRAYER

25. Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 7 of 10

other relief to which Plaintiff show herself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that she seeks damages in excess of $1,000,000 and prays for relief and judgment, as follows:

        a.      Compensatory damages against Defendants;

        b.      Actual damages;

        c.      Consequential damages;

        d.      Pain and suffering;

        e.      Exemplary damages;

        f.      Past and future mental anguish;

        g.      Past and future impairment;

        h.      Past and figure disfigurement;

        i.      Loss of wages past and future;

        j.      Loss of earning capacity;

        k.      Interest on damages (pre- and post-judgment) in accordance with law;

        l.      Plaintiffs' reasonable attorneys' fees;

        m.      Costs of court;

        n.      Expert witness fees;

        o.      Costs of copies of depositions; and

        p.      Such other and further relief as the Court may deem just and proper.



Lon Griver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pc _____ 8 ____ of ____ 10

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

---

Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Joseph McGowin
SBN: 24117268
jmcgowin@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEYS FOR PLAINTIFF**

Lo8 Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ of ___

IN THE 123RD/273RD JUDICIAL DISTRICT COURT OF SHELBY COUNTY
CENTER, TX

CAUSE #: 20CV35275

ROLANDETTE GLENN

VS.

JASON ORSAK, ERICA ANTHONY, AND MARIA CRUZ

## RETURN OF SERVICE

I, Brandon Brucia, make statement to the fact that I'm a competent person more than 18 years
of age or older and not a party to this action, nor interested in the outcome of this suit.
Landmark Civil Process received the documents stated below on 6/22/2020 at 2:15 PM to be
delivered to Erica Anthony at 217 Parrott Dr., Ste. 205, Nacogdoches, TX 75965.

On 6/22/2020 at 6:25 PM I delivered **a true and correct copy of the CITATION with the
attached ORIGINAL PETITION** to Erica Anthony, in person, at 1019 Shelbyville St., Center,
TX 75935 in Shelby County.

My name is Brandon Brucia, and my date of birth is 10/16/1977. My address is 858 CR 753,
Nacogdoches, TX 75964 in Nacogdoches County U.S.A. I declare under penalty of perjury that
the foregoing is true and correct.

Executed in Nacogdoches County, State of Texas, on the 23rd day of June, 2020.


Brandon Brucia                          Declarant
TX Cert. #: PSC-5522              Exp. 08/31/2020
STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby
County, Texas do hereby certify that the
foregoing is a true and correct copy of the
original record, now in my lawful custody and
possession, as appears of record in Vol. _____
Page_____ Minutes of said court on file in
my office.

Witness my official hand and seal of office,
this __8 - 19 - 2020__.

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg __10__ of __10__

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS
By



20CV35275

Filed 6/30/2020 12:43 PM
**Lori Oliver**
**District Clerk**
**Shelby County, Texas**
Pamela Whitton

 **LORI OLIVER, DISTRICT CLERK - P.O. DRAWER 1953, CENTER, TX 75935**      936-598-4164

Cause No. 20CV35275

THE STATE OF TEXAS

| ROLANDETTE GLENN | I | IN THE DISTRICT COURT |
| VS. | I | OF |
| JASON ORSAK, ERICA ANTHONY, AND MARIA CRUZ | I | SHELBY COUNTY, TEXAS |

TO: MARIA CRUZ, at 3438 N. U.S. Highway 271, Mount Pleasant, Texas 75455:

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the attached ORIGINAL PETITION at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation, before the 123RD/273RD Judicial District Court of Shelby County, Texas at the Courthouse in said County in Center, Texas. Said Plaintiff's Petition was filed in said court on the 11th day of June, 2020 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of ORIGINAL PETITION accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Shelby County Texas this 15th day of June, 2020

Attorney for Plaintiff or Plaintiffs:
Kurt Arnold
6009 Memorial Drive
Houston, Texas 77007
(713) 222-3800

Lori Oliver
District Clerk:
Shelby County, Texas

By _____
Pamela Whitton, Deputy Clerk

## Service Return

Came to hand on the 23rd day of June, 2020 at 5:20 P M by delivering to the within named Maria Cruz in person a true copy of this citation, with attached copy(ies) of the Original Petition

at 3438 N. U.S. Highway 271, Mt. Pleasant, Tx. 75455

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Service Fee: $ _____
Service ID No. _____

Sheriff/Constable
_____ County, Texas

Kay McNutt PSC 864
Deputy/Authorized Person

On this day, KAY McNUTT , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME ON _____ 6-25 , 2020.

_____
Notary Public

Bill McNutt
My Commission Expires
03/30/2022
ID No. 128225455

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 1 of 9



Scanned with CamScanner

**Filed 6/11/2020 1:27 PM**
**Lori Oliver**
**District Clerk**
**Shelby County, Texas**
Pamela Whitton

CAUSE NO. 20CV35275

| | | |
|---|---|---|
| Rolandette Glenn, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | SHELBY COUNTY, TEXAS |
| vs. | § | |
| | § | |
| | § | |
| Jason Orsak, Erica Anthony, and Maria Cruz, | § | |
| | § | |
| *Defendants* | § | 273RD TH JUDICIAL DISTRICT |

## ORIGINAL PETITION

Rolandette Glenn ("Plaintiff") complains of Jason Orsak, Erica Anthony, and Maria Cruz (collectively "Defendants") and will respectfully show the Court the following:

### I.

#### NATURE OF ACTION

1.      This is an action to recover damages after Plaintiff contracted COVID-19 while working at Tyson's meatpacking plant in Center, Texas.

### II.

#### DISCOVERY

2.      Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### III.

#### JURISDICTION AND VENUE

3.      Plaintiff's claims arise under the laws of Texas.

4.      The Court has jurisdiction over this case because Plaintiff seeks damages within the jurisdictional limits of this Court. Further, this case is not removable because Plaintiff has not



Lon Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
on _2_ of _9_

made any federal claims and complete diversity of citizenship is lacking because Plaintiff and Defendants are all citizens of the state of Texas.

5.     Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3) because one or more Defendants either resides or maintains a principal place of business in this County. Venue is also proper under Texas Civil Practice and Remedies Code Section 15.002(a)(1) because the acts or omissions giving rise to this suit occurred in this County.

## IV.

### PARTIES

6.     Plaintiff is a resident of Texas.

7.     Defendant Jason Orsak is a resident of Texas and was the Complex Safety Manager for the Tyson facility in Center, Texas. Mr. Orsak can be served with process at his home address of 445 FM 699 Center, Texas 75935 or wherever he may be found.

8.     Defendant Erica Anthony is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Anthony can be served with process at her home address of 217 Parrott Drive, Ste. 205, Nacogdoches, Texas 75965 or wherever she may be found.

9.     Defendant Maria Cruz is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Cruz can be served with process at her home address of 3438 N. U.S. Highway 271, Mount Pleasant, Texas 75455 or wherever she may be found.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
DO __3__ of __9__

## V.

### FACTS

10.     Plaintiff worked at the Tyson meatpacking plant in Center, Texas. In spring of 2020, the COVID-19 pandemic began sweeping the United States. Many States and Counties began implementing proactive safety measures to prevent the spread of COVID-19.

11.     In Texas, Governor Abbott issued a stay-at-home order for the State of Texas that took effect on April 2, 2020. Despite the stay-at-home order, Plaintiff was required to continue working at the Tyson meatpacking plant in Center, Texas after April 2, 2020. Plaintiff also worked at the Center, Texas meatpacking plant prior to April 2, 2020.

12.     Both prior to April 2, 2020, and after April 2, 2020, Tyson failed to take adequate precautions to protect the workers at its meatpacking facilities, including the Center, Texas meatpacking facility. Even when the rest of the country and the State of Texas were taking significant precautions to prevent the spread of COVID-19 even prior to April 2, 2020, Tyson did not do the same thing. And even after April 2, 2020, Tyson still required its employees to come to work and did not provide adequate precautions or protections to help protect its employees from COVID-19.

13.     Defendants Jason Orsak (the complex safety manger), Erica Anthony (safety coordinator), and Maria Cruz (safety coordinator) were directly responsible for implementing a safe work environment at Tyson's Center, Texas meatpacking plant.[1] These Defendants were also directly responsible for implementing and enforcing adequate safety measures to prevent the spread of COVID-19 to the Tyson employees working at the Center, Texas meatpacking plant.

---

[1] Tyson Foods chose not to obtain workers compensation insurance in the State of Texas. Thus, Tyson and its agents (the named Defendants in this lawsuit) are liable to Plaintiff for her personal injuries sustained in the course and scope of her employment.

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
ᴏᴄ ___ 4 __ of __ 9 __

Defendants Jason Orsak, Erica Anthony, and Maria Cruz failed to fulfill their job duties to provide a safe working environment to Plaintiff. As a direct result of the negligence and gross negligence of Defendants, Plaintiff contracted COVID-19 at the Center, Texas meatpacking plant and has experienced significant injuries as a result.

14.     Thousands of Tyson employees have been exposed to COVID-19 at Tyson's meatpacking facilities. Upon information and belief, at least 4,500 Tyson employees have contracted COVID-19, and at least 18 employees have died as a result of exposure to COVID-19 at Tyson's meatpacking facilities.

15.     In Texas, Tyson chose not to provide its employees with workers compensation insurance. Instead, Tyson has implemented a program called WISP or Workplace Injury Settlement Program wherein Tyson pressures employees to sign releases before providing injury benefits. In many cases, Tyson then pays limited, if any benefits, once its employees have signed away their right to sue.

16.     Tyson's conduct, effectuated through the named Defendants in this lawsuit, was negligent and grossly negligent and was the cause of the underlying incident.

## VI.

### CAUSES OF ACTION

### A. *Negligence and Gross Negligence against all Defendants.*

17.     Plaintiff repeats and re-alleges each allegation contained above.

18.     Defendants are negligent and grossly negligent for the following reasons:

    a.     Failed to provide a safe work environment;

    b.     Requiring Plaintiff to continue working at the meatpacking plant when it was no longer safe to do so due to COVID-19;

    c.     Failed to provide adequate PPE to the workers at the meatpacking plant;



Lon Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
no 5 of 9

d. Failed to implement adequate precautions and social distancing at the meatpacking plant;

e. Failed to follow guidelines set forth by the WHO and CDC with regard to COVID-19 at the meatpacking plant;

f. Failed to warn of the dangerous conditions at the meatpacking regarding COVID-19;

g. Failure to properly train Tyson employees at the meatpacking plant;

h. Failure to provide adequate medical treatment;

i. Allowed and required individuals who were infected with COVID-19 to continue to work at the meatpacking plant infecting other individuals; and

j. Other acts deemed negligent and grossly negligent.

19. Defendants owed Plaintiff a legal duty of the foregoing.

20. Defendants breached these duties, and as a direct and proximate result of Defendants' breaches of duty caused serious bodily injury to Plaintiff, resulting in the following damages: physical pain, mental anguish, physical impairment, past and future medical expenses, loss of earning capacity, and loss of services. Because of the severity and degree of Plaintiff's injuries, Plaintiff will incur significant future medical expenses as a result of Defendants' negligent and grossly negligent conduct.

21. Further, Defendants are liable for their grossly negligent conduct. Defendants' actions and/or omissions, when viewed objectively, exposed Plaintiff to an extreme degree of risk with no regard for the probability and magnitude of the potential harm. Defendants also had actual, subjective awareness of the risk involved, yet chose to proceed in conscious indifference to the



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg _____ of _____

rights, safety, and welfare of Plaintiff. Thus, Plaintiff is entitled to exemplary damages against Defendants.

## VII.

### DAMAGES

22.     As a result of said occurrences, Plaintiff sustained severe injuries to her body, lungs, and respiratory system in general, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.

23.     Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Plaintiff's injuries were caused by malicious, willful, reckless, or wanton acts or omissions of Defendants, or alternatively the gross negligence of Defendants' employees, agents or representatives.

## VIII.

### JURY TRIAL

24.     Plaintiff hereby requests a trial by jury on all claims and submits her jury fee herewith.

## IX.

### PRAYER

25.     Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg _7_ of _9_

other relief to which Plaintiff show herself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that she seeks damages in excess of $1,000,000 and prays for relief and judgment, as follows:

     a.    Compensatory damages against Defendants;

     b.    Actual damages;

     c.    Consequential damages;

     d.    Pain and suffering;

     e.    Exemplary damages;

     f.    Past and future mental anguish;

     g.    Past and future impairment;

     h.    Past and figure disfigurement;

     i.    Loss of wages past and future;

     j.    Loss of earning capacity;

     k.    Interest on damages (pre- and post-judgment) in accordance with law;

     l.    Plaintiffs' reasonable attorneys' fees;

     m.    Costs of court;

     n.    Expert witness fees;

     o.    Costs of copies of depositions; and

     p.    Such other and further relief as the Court may deem just and proper.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ 8 ___ of ___ 9 ___

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Joseph McGowin
SBN: 24117268
jmcgowin@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEYS FOR PLAINTIFF**



STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby
County, Texas do hereby certify that the
foregoing is a true and correct copy of the
original record, now in my lawful custody and
possession, as appears of record in Vol. _____,
Page _____ Minutes of said court on file in
my office.

Witness my official hand and seal of office,
this _____



LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS

By_____



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ____ of ____

20CV35275

Filed 6/30/2020 12:45 PM
Lori Oliver
District Clerk
Shelby County, Texas
Pamela Whitton

IN THE 123RD/273RD JUDICIAL DISTRICT COURT OF SHELBY COUNTY CENTER, TX

CAUSE #: 20CV35275

ROLANDETTE GLENN

VS.

JASON ORSAK, ERICA ANTHONY, AND MARIA CRUZ

## RETURN OF SERVICE

I, Brandon Brucia, make statement to the fact that I'm a competent person more than 18 years of age or older and not a party to this action, nor interested in the outcome of this suit. Landmark Civil Process received the documents stated below on 6/22/2020 at 2:15 PM to be delivered to Jason Orsak at 445 FM 699, Center, TX 75935.

On 6/22/2020 at 6:15 PM I delivered **a true and correct copy of the CITATION with the attached ORIGINAL PETITION** to Jason Orsak, in person, at 445 FM 699, Center, TX 75935 in Shelby County.

My name is Brandon Brucia, and my date of birth is 10/16/1977. My address is 858 CR 753, Nacogdoches, TX 75964 in Nacogdoches County U.S.A. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Nacogdoches County, State of Texas, on the 23rd day of June, 2020.

Brandon Brucia                    Declarant
TX Cert. #: PSC-5522    Exp. 08/31/2020



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg _____ 1 _____ of _____ 6



**LORI OLIVER, DISTRICT CLERK - P.O. DRAWER 1953, CENTER, TX 75935**   **936-598-4164**

Cause No. 20CV35275

THE STATE OF TEXAS

ROLANDETTE GLENN | IN THE DISTRICT COURT

VS. | OF

JASON ORSAK, ERICA ANTHONY, AND MARIA CRUZ | SHELBY COUNTY, TEXAS

TO: **JASON ORSAK, at 445 FM 699, Center, Texas 75935:**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the attached **ORIGINAL PETITION** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation, before the 123RD/273RD Judicial District Court of Shelby County, Texas at the Courthouse in said County in Center, Texas. Said Plaintiff's Petition was filed in said court on the **11th day of June, 2020** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of ORIGINAL PETITION accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Shelby County Texas this **15th** day of **June, 2020**

Attorney for Plaintiff or Plaintiffs:
Kurt Arnold
6009 Memorial Drive
Houston, Texas 77007
(713) 222-3800

Lori Oliver
District Clerk:
Shelby County, Texas

By
Pamela Whitton, Deputy Clerk

## Service Return

Came to hand on the _____ day of _____, 20____, at _____ m and executed on the _____ day of _____; 20___, at _____ M by delivering to the within named _____ in person a true copy of this citation, with attached copy(ies) of the

_____ at

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Service Fee: $ _____
Service ID No. _____

_____ Sheriff/Constable
_____ County, Texas

_____ Deputy/Authorized Person

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _____, 20____.

_____
Notary Public



Lori Oliver. District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ 2 of 10

20CV35275

Filed 6/11/2020 1:27 PM
**Lori Oliver**
**District Clerk**
**Shelby County, Texas**
Pamela Whitton

CAUSE NO. 20CV35275

| | | |
|---|---|---|
| Rolandette Glenn, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | SHELBY COUNTY, TEXAS |
| vs. | § | |
| | § | |
| | § | |
| Jason Orsak, Erica Anthony, and Maria Cruz, | § | |
| | § | |
| *Defendants* | § | 273RD TH JUDICIAL DISTRICT |

## ORIGINAL PETITION

Rolandette Glenn ("Plaintiff") complains of Jason Orsak, Erica Anthony, and Maria Cruz (collectively "Defendants") and will respectfully show the Court the following:

### I.

### NATURE OF ACTION

1.      This is an action to recover damages after Plaintiff contracted COVID-19 while working at Tyson's meatpacking plant in Center, Texas.

### II.

### DISCOVERY

2.      Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### III.

### JURISDICTION AND VENUE

3.      Plaintiff's claims arise under the laws of Texas.

4.      The Court has jurisdiction over this case because Plaintiff seeks damages within the jurisdictional limits of this Court. Further, this case is not removable because Plaintiff has not



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 3 of 10

made any federal claims and complete diversity of citizenship is lacking because Plaintiff and Defendants are all citizens of the state of Texas.

5.     Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3) because one or more Defendants either resides or maintains a principal place of business in this County. Venue is also proper under Texas Civil Practice and Remedies Code Section 15.002(a)(1) because the acts or omissions giving rise to this suit occurred in this County.

## IV.

### PARTIES

6.     Plaintiff is a resident of Texas.

7.     Defendant Jason Orsak is a resident of Texas and was the Complex Safety Manager for the Tyson facility in Center, Texas. Mr. Orsak can be served with process at his home address of 445 FM 699 Center, Texas 75935 or wherever he may be found.

8.     Defendant Erica Anthony is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Anthony can be served with process at her home address of 217 Parrott Drive, Ste. 205, Nacogdoches, Texas 75965 or wherever she may be found.

9.     Defendant Maria Cruz is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Cruz can be served with process at her home address of 3438 N. U.S. Highway 271, Mount Pleasant, Texas 75455 or wherever she may be found.



## V.

### FACTS

10.     Plaintiff worked at the Tyson meatpacking plant in Center, Texas. In spring of 2020, the COVID-19 pandemic began sweeping the United States. Many States and Counties began implementing proactive safety measures to prevent the spread of COVID-19.

11.     In Texas, Governor Abbott issued a stay-at-home order for the State of Texas that took effect on April 2, 2020. Despite the stay-at-home order, Plaintiff was required to continue working at the Tyson meatpacking plant in Center, Texas after April 2, 2020. Plaintiff also worked at the Center, Texas meatpacking plant prior to April 2, 2020.

12.     Both prior to April 2, 2020, and after April 2, 2020, Tyson failed to take adequate precautions to protect the workers at its meatpacking facilities, including the Center, Texas meatpacking facility. Even when the rest of the country and the State of Texas were taking significant precautions to prevent the spread of COVID-19 even prior to April 2, 2020, Tyson did not do the same thing. And even after April 2, 2020, Tyson still required its employees to come to work and did not provide adequate precautions or protections to help protect its employees from COVID-19.

13.     Defendants Jason Orsak (the complex safety manger), Erica Anthony (safety coordinator), and Maria Cruz (safety coordinator) were directly responsible for implementing a safe work environment at Tyson's Center, Texas meatpacking plant.[1] These Defendants were also directly responsible for implementing and enforcing adequate safety measures to prevent the spread of COVID-19 to the Tyson employees working at the Center, Texas meatpacking plant.

---

[1] Tyson Foods chose not to obtain workers compensation insurance in the State of Texas. Thus, Tyson and its agents (the named Defendants in this lawsuit) are liable to Plaintiff for her personal injuries sustained in the course and scope of her employment.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___5___ of _10_

Defendants Jason Orsak, Erica Anthony, and Maria Cruz failed to fulfill their job duties to provide a safe working environment to Plaintiff. As a direct result of the negligence and gross negligence of Defendants, Plaintiff contracted COVID-19 at the Center, Texas meatpacking plant and has experienced significant injuries as a result.

14.     Thousands of Tyson employees have been exposed to COVID-19 at Tyson's meatpacking facilities. Upon information and belief, at least 4,500 Tyson employees have contracted COVID-19, and at least 18 employees have died as a result of exposure to COVID-19 at Tyson's meatpacking facilities.

15.     In Texas, Tyson chose not to provide its employees with workers compensation insurance. Instead, Tyson has implemented a program called WISP or Workplace Injury Settlement Program wherein Tyson pressures employees to sign releases before providing injury benefits. In many cases, Tyson then pays limited, if any benefits, once its employees have signed away their right to sue.

16.     Tyson's conduct, effectuated through the named Defendants in this lawsuit, was negligent and grossly negligent and was the cause of the underlying incident.

## VI.

### CAUSES OF ACTION

#### A. *Negligence and Gross Negligence against all Defendants.*

17.     Plaintiff repeats and re-alleges each allegation contained above.

18.     Defendants are negligent and grossly negligent for the following reasons:

    a.     Failed to provide a safe work environment;

    b.     Requiring Plaintiff to continue working at the meatpacking plant when it was no longer safe to do so due to COVID-19;

    c.     Failed to provide adequate PPE to the workers at the meatpacking plant;



Lori Oliver District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ of ___

     d.     Failed to implement adequate precautions and social distancing at the meatpacking plant;

     e.     Failed to follow guidelines set forth by the WHO and CDC with regard to COVID-19 at the meatpacking plant;

     f.     Failed to warn of the dangerous conditions at the meatpacking regarding COVID-19;

     g.     Failure to properly train Tyson employees at the meatpacking plant;

     h.     Failure to provide adequate medical treatment;

     i.     Allowed and required individuals who were infected with COVID-19 to continue to work at the meatpacking plant infecting other individuals; and

     j.     Other acts deemed negligent and grossly negligent.

19.     Defendants owed Plaintiff a legal duty of the foregoing.

20.     Defendants breached these duties, and as a direct and proximate result of Defendants' breaches of duty caused serious bodily injury to Plaintiff, resulting in the following damages: physical pain, mental anguish, physical impairment, past and future medical expenses, loss of earning capacity, and loss of services. Because of the severity and degree of Plaintiff's injuries, Plaintiff will incur significant future medical expenses as a result of Defendants' negligent and grossly negligent conduct.

21.     Further, Defendants are liable for their grossly negligent conduct. Defendants' actions and/or omissions, when viewed objectively, exposed Plaintiff to an extreme degree of risk with no regard for the probability and magnitude of the potential harm. Defendants also had actual, subjective awareness of the risk involved, yet chose to proceed in conscious indifference to the



Lori Oliver, District Clerk
Shelby County Texas
A CERTIFIED COPY
pg 7 of 10

rights, safety, and welfare of Plaintiff. Thus, Plaintiff is entitled to exemplary damages against Defendants.

## VII.

### DAMAGES

22.     As a result of said occurrences, Plaintiff sustained severe injuries to her body, lungs, and respiratory system in general, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.

23.     Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Plaintiff's injuries were caused by malicious, willful, reckless, or wanton acts or omissions of Defendants, or alternatively the gross negligence of Defendants' employees, agents or representatives.

## VIII.

### JURY TRIAL

24.     Plaintiff hereby requests a trial by jury on all claims and submits her jury fee herewith.

## IX.

### PRAYER

25.     Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such



Lori Oliver, District Clerk
Shelby County Texas
A CERTIFIED COPY
pg ____ 8 of ____ 10

other relief to which Plaintiff show herself justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that she seeks damages in excess of $1,000,000 and prays for relief and judgment, as follows:

a. Compensatory damages against Defendants;

b. Actual damages;

c. Consequential damages;

d. Pain and suffering;

e. Exemplary damages;

f. Past and future mental anguish;

g. Past and future impairment;

h. Past and figure disfigurement;

i. Loss of wages past and future;

j. Loss of earning capacity;

k. Interest on damages (pre- and post-judgment) in accordance with law;

l. Plaintiffs' reasonable attorneys' fees;

m. Costs of court;

n. Expert witness fees;

o. Costs of copies of depositions; and

p. Such other and further relief as the Court may deem just and proper.



Lori Oliver District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg _____ of _____

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Joseph McGowin
SBN: 24117268
jmcgowin@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby
County, Texas do hereby certify that the
foregoing is a true and correct copy of the
original record, now in my lawful custody and
possession, as appears of record in dot
Page, Minute, on or on file in
my office.

Witness my official seal and day of office,
this  08-19-2020

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS
By 



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 10 of 10

20CV35275

**Filed 7/10/2020 4:06 PM**
**Lori Oliver**
**District Clerk**
**Shelby County, Texas**
Pamela Whitton

## CAUSE NO. 20CV35275

| | | |
|---|---|---|
| **ROLANDETTE GLENN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **273ʳᵈ JUDICIAL DISTRICT** |
| | § | |
| **JASON ORSAK, ERICA ANTHONY,** | § | |
| **AND MARIA CRUZ,** | § | |
| | § | |
| *Defendants.* | § | **SHELBY COUNTY, TEXAS** |

### DEFENDANTS' ORIGINAL ANSWER AND DEFENSES

Defendants Jason Orsak, Erica Anthony, and Maria Cruz ("Defendants") hereby file their Original Answer and Defenses to Plaintiff's Original Petition and respectfully show the Court as follows:

### GENERAL DENIAL

Pursuant to Tex. R. Civ. P. 92, Defendants deny each and every allegation, all and singular, in whole or in part, contained in Plaintiff's Original Petition and any amendments thereto and demand strict proof thereof by a preponderance of the evidence or by clear and convincing evidence, as required by law.

### DEFENSES

Defendants assert the following defenses to the claims asserted in the Original Petition without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law:

1.  The Original Petition fails to state a claim on which relief may be granted, either in whole or in part.

2.  This Court lacks personal jurisdiction over Defendants.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg _1_ of _5_

3.  This Court lacks subject matter jurisdiction over Defendants because, among other reasons, Defendants are not proper parties to this action but rather were fraudulently joined in an effort to defeat diversity jurisdiction, and because Plaintiff failed to join an indispensable party.

4.  Plaintiff's claims are barred, in whole or in part, because they are preempted by federal law, including the Defense Production Act, the Poultry Products Inspection Act, and the Federal Meat Inspection Act, among others.

5.  Plaintiff's claims are barred, in whole or in part, because Defendants, as alleged co-employees of Plaintiff, owe no legal duty to Plaintiff that may form the basis of Plaintiff's claims in this case

6.  Plaintiff's claims are barred, in whole or in part, because Defendants cannot be held personally liable for any allegedly negligent acts or omissions committed while acting in the course and scope of their employment.

7.  Plaintiff's claims are barred, in whole or in part, because Defendants and their employer complied with all applicable laws and regulations.

8.  Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory negligence and assumption of risk.

9.  Plaintiff's claims are barred, in whole or in part, to the extent discovery may reveal that Plaintiff has not suffered actual damages or losses.

10. Plaintiff's alleged damages, if any, are too speculative to permit recovery.

11. Plaintiff's alleged damages, if any, were directly and proximately caused, or contributed to, in whole or in part, by the acts or omissions of other persons or entities over whom Defendants have or had no control or right of control, and for whom they



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg  2  of  5

are not responsible. Those acts or omissions were the complete or partial cause of, or superseded, any acts or omissions of Defendants, if any. Plaintiff's recovery against Defendants, if any, should therefore be barred or diminished in accordance with applicable law.

12. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages, if any. In the alternative, if necessary, if Defendants are found liable and damages are awarded, damages should be reduced by the amount that Plaintiff's failure to mitigate caused or contributed to a damages award.

13. Plaintiff fails to allege sufficient facts to state a claim for punitive or exemplary damages against Defendants. In the alternative, Defendants plead all maximum statutory caps available under applicable law. Further, Plaintiff's claims for exemplary or punitive damages are barred to the extent that the imposition of exemplary or punitive damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

14. Plaintiff fails to allege facts or a statutory basis to allow recovery of attorneys' fees from Defendants.

15. Defendants assert, and hereby incorporate by reference, all defenses asserted or to be asserted in any Motion to Dismiss.

16. Defendants assert that they have not yet completed discovery in this case and, accordingly, reserve the right to amend this Answer and to assert any additional defenses as appropriate.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg. 3 of 5

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that the Court dismiss Plaintiff's claims and that Plaintiff take nothing and that Defendants Jason Orsak, Erica Anthony, and Maria Cruz be awarded judgment in their favor; their costs and reasonable attorneys' fees incurred in the defense of this matter; and such other relief, at law or in equity, as the Court may deem just and proper.

Respectfully submitted,

/s/     *Zachary T. Mayer*
Zachary T. Mayer
  Texas Bar No. 24013118
J. Edward Johnson
  Texas Bar No. 24070001
**MAYER LLP**
750 N. St. Paul Street #700
Dallas, TX 75201
Phone: 214.379.6900
Fax: 214.379.6939
zmayer@mayerllp.com
ejohnson@mayerllp.com

Ann Marie Painter
  Texas Bar No. 00784715
**PERKINS COIE LLP**
500 N. Akard Street, Suite 3300
Dallas, TX 75201
Tel: 214.965.7700
Fax: 214.965.7773
AMPainter@perkinscoie.com
Mary Z. Gaston
  *Pro Hac Vice Forthcoming*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: 206.359.8000
Fax: 206.359.9000
MGaston@perkinscoie.com



4
Levi Univer, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 4 of 5

Christopher S. Coleman
  *Pro Hac Vice* <u>Forthcoming</u>
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, AZ 85012
Phone: 602.351.8000
Fax: 602.648.700
CColeman@perkinscoie.com

### ATTORNEYS FOR DEFENDANTS
### JASON ORSAK, ERICA ANTHONY,
### and MARIA CRUZ

### CERTIFICATE OF SERVICE

This is to certify that, on July 10, 2020, a true and correct copy of the foregoing document

was served upon all counsel of record via the Court's electronic filing service provider as follows:

Kurt Arnold
Caj Boatright
Roland Christensen
Joseph McGowin
**ARNOLD & ITKIN LLP**
6009 Memorial Drive
Houston, TX 77007
karnold@arnolditkin.com
cboatright@arnolditkin.com
rchristensen@arnolditkin.com
jmcgowin@arnolditkin.com

### ATTORNEYS FOR PLAINTIFF

/s/ *Zachary T. Mayer*
Zachary T. Mayer

STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby
County, Texas do hereby certify that the
foregoing is a true and correct copy of the
original record, now in my lawful custody and
possession, as appears of record in Vol. _____
Page _____ Minutes of said court on file in
my office.

Witness my official hand and seal of office,
this 8 - 19 - 2020

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS
By _____



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
5 of 5

20CV35275

**Filed 7/23/2020 11:37 AM**
**Lori Oliver**
**District Clerk**
**Shelby County, Texas**
Pamela Whitton

CAUSE NO. 20CV35275

| | | |
|---|---|---|
| Rolandette Glenn *et al.*, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | SHELBY COUNTY, TEXAS |
| vs. | § | |
| | § | |
| Tyson Foods, Inc.; Jason Orsak; Erica | § | |
| Anthony; and Maria Cruz, | § | |
| | § | |
| *Defendants* | § | 273RD JUDICIAL DISTRICT |

## FIRST AMENDED PETITION

Plaintiffs Rolandette Glenn; Idell Bell; Kerry Cartwright; Tammy Fletcher; Laveka Jenkins; Kiesha Johnson; Ronald Johnson; Daisy Williams; Danica Wilson; John Wyatt; Crystal Wyatt; and Clifford Bell, Individually and as Personal Representative of the Estate of Beverly Whitsey ("Plaintiffs") complain of Tyson Foods, Inc. ("Tyson Foods"); Jason Orsak; Erica Anthony; and Maria Cruz (collectively "Defendants") and will respectfully show the Court the following:

### I.

### NATURE OF ACTION

1. This is an action to recover damages after Plaintiffs contracted COVID-19 while working at Tyson's meatpacking plant in Center, Texas.

### II.

### DISCOVERY

2. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___1___ of _13_

## III.

### JURISDICTION AND VENUE

3.    Plaintiffs' claims arise under the laws of Texas.

4.    The Court has jurisdiction over this case because Plaintiffs seek damages within the jurisdictional limits of this Court. Plaintiffs bring their claims under Texas state law and do not seek to make any claims that are pre-empted by federal law. Put differently, Plaintiffs allege that Defendants failed to provide them with a safe place to work and failed to follow appropriate guidelines and recommendations to avoid the spread of COVID-19.

5.    Further, this case is not removable because Plaintiffs have not made any federal claims and complete diversity of citizenship is lacking because Plaintiffs and certain Defendants are both citizens of the state of Texas.

6.    Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3) because one or more Defendants either resides or maintains a principal place of business in this County. Venue is also proper under Texas Civil Practice and Remedies Code Section 15.002(a)(1) because the acts or omissions giving rise to this suit occurred in this County.

### IV.

### PARTIES

7.    Plaintiff Rolandette Glenn is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

8.    Plaintiff Idell Bell is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 2 of 13

9. Plaintiff Kerry Cartwright is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

10. Plaintiff Tammy Fletcher is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

11. Plaintiff Laveka Jenkins is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

12. Plaintiff Kiesha Johnson is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

13. Plaintiff Ronald Johnson is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

14. Plaintiff Daisy Williams is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

15. Plaintiff Danica Wilson is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

16. Plaintiff John Wyatt is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center,

3



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg. 3 of 13

Texas facility.

17.     Plaintiff Crystal Wyatt is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

18.     Plaintiff Clifford Bell, both Individually and as Personal Representative of the Estate of Beverly Whitsey, is a resident of Texas. Beverly Whitsey worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility. Beverly Whitsey died as a result of contracting COVID-19 at the Center, Texas facility.

19.     Defendant Tyson Foods, Inc. ("Tyson") is a foreign corporation that does a substantial amount of business in Texas. Specifically, Tyson owns and operates the Tyson facility located in Center, Texas. Thus, the Court has specific jurisdiction over Tyson for its negligent conduct that occurred in the State of Texas. Tyson can be served through its registered agent: CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

20.     Defendant Jason Orsak is a resident of Texas and was the Complex Safety Manager for the Tyson facility in Center, Texas. Mr. Orsak has been served and has answered through counsel in this case.

21.     Defendant Erica Anthony is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Anthony has been served and has answered through counsel in this case.

22.     Defendant Maria Cruz is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Cruz has been served and has answered through counsel in this case.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ of ___

## V.

## FACTS

23. Plaintiffs worked at the Tyson meatpacking plant in Center, Texas. In spring of 2020, the COVID-19 pandemic began sweeping the United States. Many States and Counties began implementing proactive safety measures to prevent the spread of COVID-19.

24. In Texas, Governor Abbott issued a stay-at-home order for the State of Texas that took effect on April 2, 2020. Despite the stay-at-home order, Plaintiffs were required to continue working at the Tyson meatpacking plant in Center, Texas after April 2, 2020. Plaintiff salso worked at the Center, Texas meatpacking plant prior to April 2, 2020.

25. Both prior to April 2, 2020, and after April 2, 2020, Tyson failed to take adequate precautions to protect the workers at its meatpacking facilities, including the Center, Texas meatpacking facility. Even when the rest of the country and the State of Texas were taking significant precautions to prevent the spread of COVID-19, prior to April 2, 2020, Tyson did not do the same thing. And even after April 2, 2020, Tyson still required its employees to come to work and did not provide adequate precautions or protections to help protect its employees from COVID-19.

26. Defendants Jason Orsak (the complex safety manger), Erica Anthony (safety coordinator), and Maria Cruz (safety coordinator) were directly responsible for implementing a safe work environment at Tyson's Center, Texas meatpacking plant.[1] These Defendants were also directly responsible for implementing and enforcing adequate safety measures to prevent the spread of COVID-19 to the Tyson employees working at the Center, Texas meatpacking plant.

---

[1] Tyson Foods chose not to obtain workers compensation insurance in the State of Texas. Thus, Tyson and its agents (the named Defendants in this lawsuit) are liable to Plaintiff for her personal injuries sustained in the course and scope of her employment.



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___5___ of ___13___

Upon information and belief, Defendants Tyson, Inc.; Jason Orsak; Erica Anthony; and Maria Cruz failed to fulfill their job duties to provide a safe working environment to Plaintiffs. Defendants Orsak, and Anthony failed to issue masks to employees, institute six feet barriers between employees, limit contact between employees, and create rideshare alternatives to the Plant's bus system. As a direct result of the negligence and gross negligence of Defendants, Plaintiffs contracted COVID-19 at the Center, Texas meatpacking plant and has experienced significant injuries as a result.

27.     Thousands of Tyson employees have been exposed to COVID-19 at Tyson's meatpacking facilities. Upon information and belief, at least 7,100 Tyson employees have contracted COVID-19, and at least 24 Tyson employees have died as a result of exposure to COVID-19 at Tyson's meatpacking facilities.

28.     In Texas, Tyson chose not to provide its employees with workers compensation insurance. Instead, Tyson has implemented a program called WISP or Workplace Injury Settlement Program wherein Tyson pressures employees to sign releases before providing injury benefits. In many cases, Tyson then pays limited, if any benefits, once its employees have signed away their right to sue.

29.     Tyson's conduct, effectuated through both Tyson Foods and the named Defendants in this lawsuit, was negligent and grossly negligent and was the cause of the underlying incident.

## VI.

## CAUSES OF ACTION

### A. *Negligence and Gross Negligence against all Defendants.*

30.     Plaintiffs repeat and re-allege each allegation contained above.

31.     Defendants are negligent and grossly negligent for the following reasons:

    a.     Failed to provide a safe work environment;



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
of

b. Requiring Plaintiffs to continue working at the meatpacking plant when it was no longer safe to do so due to COVID-19;

c. Failed to provide adequate PPE to the workers at the meatpacking plant;

d. Failed to implement adequate precautions and social distancing at the meatpacking plant;

e. Failed to follow guidelines set forth by the WHO and CDC with regard to COVID-19 at the meatpacking plant;

f. Failed to warn of the dangerous conditions at the meatpacking regarding COVID-19;

g. Failure to properly train Tyson employees at the meatpacking plant;

h. Failure to provide adequate medical treatment;

i. Allowed and required individuals who were infected with COVID-19 to continue to work at the meatpacking plant infecting other individuals; and

j. Other acts deemed negligent and grossly negligent.

32. Defendants owed Plaintiffs a legal duty of the foregoing.

33. Defendants breached these duties, and as a direct and proximate result of Defendants' breaches of duty caused serious bodily injury to Plaintiffs, resulting in the following damages: physical pain, mental anguish, physical impairment, past and future medical expenses, loss of earning capacity, and loss of services. Because of the severity and degree of Plaintiffs' injuries, Plaintiffs will incur significant future medical expenses as a result of Defendants' negligent and grossly negligent conduct.

34. Further, Defendants are liable for their grossly negligent conduct. Defendants' actions and/or omissions, when viewed objectively, exposed Plaintiffs to an extreme degree of risk



Lori Oliver District Clerk
Shelby County, Texas
A CERTIFIED COPY
De____ 7 of 13

with no regard for the probability and magnitude of the potential harm. Defendants also had actual, subjective awareness of the risk involved, yet chose to proceed in conscious indifference to the rights, safety, and welfare of Plaintiffs. Thus, Plaintiffs are entitled to exemplary damages against Defendants.

**B. *Premises Liability Against Tyson Foods.***

35.    Plaintiffs repeat and re-allege each allegation contained above.

36.    Tyson Foods was the premises owner of the Center, Texas meatpacking plant.

37.    At all relevant times, Plaintiffs were invitees at the Center, Texas meatpacking plant.

38.    Tyson Foods owed Plaintiffs a duty of ordinary care to keep its premises in a reasonably safe condition, inspect the premises to discover latent defects, and make safe any defects or give an adequate warning.

39.    Tyson Foods failed to satisfy its duty of care to Plaintiffs.

40.    Tyson Foods either knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees because Tyson Foods knew of the spread of COVID-19 throughout its facility. Specifically, Tyson Foods knew of employees testing positive prior to Plaintiffs being infected and caused and allowed other employees to work around the infected employees in an unsafe manner. Tyson Foods should have known that the conditions regarding COVID-19 posed an unreasonable risk of harm to invitees because the infections of Tyson Foods employees with COVID-19 had been present for a significant time before Plaintiffs were infected.

41.    Tyson Foods failed to exercise ordinary care to reduce or eliminate the risk of exposure of its employees to COVID-19.



Bon Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
DO ____ 8 of 13

42.     Each of these acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of the occurrence described above.

*C. Wrongful Death and Survival Claims Against Defendants by Clifford Bell Individually and as the Personal Representative for the Estate of Beverly Whitsey.*

43.     Plaintiffs Clifford Bell, Individually and as the Personal Representative of the Estate of Beverly Whitsey, repeat and re-allege each allegation contained above.

44.     As a wrongful death beneficiary, Clifford Bell, Individually, as the Personal Representative of the Estate of Beverly Whisey, seeks to recover all damages available under Texas law. The Defendants had the above referenced duties. Defendants breached those duties and Defendants' breaches were the cause in fact and the proximate cause of Decedent's death and Plaintiffs' injuries. These acts of negligence and gross negligence also led to Plaintiffs' suffering severe injury. Plaintiffs are now entitled to recover for their injuries, which give rise to both wrongful death and survival claims.

45.     As the Personal Representative of the Estate of Beverly Whitsey, Clifford Bell seeks to recover damages for the survival action he is entitled to bring under TEX CIV. PRAC. & REM. CODE §71.021. As a result of Defendants' negligence and gross negligence, Decedent suffered severe physical injuries that ultimately led to her death. The Defendants had the above referenced duties. Defendants breached those duties and Defendants' breaches were the cause in fact and the proximate cause of Decedent's death. Furthermore, Defendants' actions were done with reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages on behalf of the estate of Decedent.



Lon River, District Clerk
Shelby County, Texas
A CERTIFIED COPY
DC ____ of ____

## VII.

### DAMAGES

46.     As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies, lungs, and respiratory systems in general, which resulted in physical pain, mental anguish, and other medical problems. Plaintiffs have sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment, and mental anguish will continue indefinitely.

47.     Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Plaintiffs' injuries were caused by malicious, willful, reckless, or wanton acts or omissions of Defendants, or alternatively the gross negligence of Defendants' employees, agents or representatives.

### VIII.

### JURY TRIAL

48.     Plaintiffs hereby requests a trial by jury on all claims and submits her jury fee herewith.

### IX.

### PRAYER

49.     Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiffs show themselves justly entitled. As required by Rule 47 of the Texas



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
On _____ 10 of 13

Rules of Civil Procedure, Plaintiffs affirmatively state that they seek damages in excess of $1,000,000 and prays for relief and judgment, as follows:

a.  Compensatory damages against Defendants;

b.  Actual damages;

c.  Consequential damages;

d.  Pain and suffering;

e.  Exemplary damages;

f.  Past and future mental anguish;

g.  Past and future impairment;

h.  Past and figure disfigurement;

i.  Loss of wages past and future;

j.  Loss of earning capacity;

k.  All wrongful death damages allowed for under Texas law;

l.  All survivorship damages allowed for under Texas law;

m.  Funeral expenses;

n.  Interest on damages (pre- and post-judgment) in accordance with law;

o.  Plaintiffs' reasonable attorneys' fees;

p.  Costs of court;

q.  Expert witness fees;

r.  Costs of copies of depositions; and

s.  Such other and further relief as the Court may deem just and proper.



Lon Oliver, District Clerk
Shelby County, Texas
CERTIFIED COPY
No. 11 of 13

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237 .
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Joseph McGowin
SBN: 24117268
jmcgowin@arnolditkin.com
Claire Traver
SNB: 24115871
ctraver@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
kbateam@arnolditin.com
e-service@arnolditkin.com

&

WHEELER & HUGHES
101 Tenaha Street
P. O. Box 1687
Center, Texas 75935
Telephone No.: (936) 598-2925
Facsimile No.: (936) 598-7024
*/s/ Christopher Hughes*
Christopher C. Hughes
Texas Bar No. 24074452
*/s/ Don Wheeler*
Don Wheeler
Texas Bar No. 21256200

**ATTORNEYS FOR PLAINTIFFS**



Lori Oliver, District Clerk
Shelby County, Texas
& CERTIFIED COPY
№ 12 of 13

## CERIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on this 23rd day of July, 2020.

/s/ *Roland Christensen*
Roland Christensen



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
of _1.3_ of _13_



STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby
County, Texas do hereby certify that the
foregoing is a true and correct copy of the
original record, now in my lawful custody and
possession, as appears of record in Vol._____,
Page_____ Minutes of said court on file in
my office.

Witness my official hand and seal of office,
this _____ 8-19-20-20

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS
By_____

# CIVIL PROCESS REQUEST

FILED

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** 20CV35275

**CURRENT COURT:** 273rd Judicial District

2020. AUG -3 P 1:29

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Citation w/ Plaintiff's First Amended Petition COURT

**FILE DATE OF MOTION:** _____ 07/23/2020

Month/ Day/ Year    BY _____ DEPUTY

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: Tyson Foods, Inc.

ADDRESS: 1999 Bryan St., Ste. 900 Dallas, Texas 75201

AGENT, (*if applicable*): CT Corporation System

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): Citation w/ Plaintiff's First Amended Petition

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP** ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____
- ☐ **MAIL** ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  Type of Publication: ☐ **COURTHOUSE DOOR, or**
  ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☒ **OTHER**, *explain* Please mail citations to Kurt Arnold, Arnol & Itkin LLP, 6009 Memorial Drive, Houston, Texas 77007 or email citations to e-service@arnoldditkin.com.

*******************************************************************************

****

2. NAME: _____

ADDRESS: _____

AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ **ATTORNEY PICK-UP** ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** – Authorized Person to Pick-up: _____ Phone: _____
- ☐ **MAIL** ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  Type of Publication: ☐ **COURTHOUSE DOOR, or**
  ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER**, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Kurt Arnold _____ TEXAS BAR NO./ID NO. 24036150

MAILING ADDRESS: 6009 Memorial Drive, Houston, Texas 77007

PHONE NUMBER: 713    222-3800    FAX NUMBER: 713    222-3850

area code    phone number    area code    fax number

EMAIL ADDRESS: e-service@arnoldditkin.com

CIVICI08 Revised 0/1/00



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ 1 ___ of ___ 2 ___

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

**INSTRUMENTS TO BE SERVED:**
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
__X__ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

**PROCESS TYPES:**

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS STATE OF TEXAS
SEQUESTRATION COUNTY OF SHELBY
SUPERSEDEAS I, Lori Oliver, District Clerk of Shelby County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, as appears of record in Vol. _____, Page _____ Minutes of said court on file in my office.

Witness my official hand and seal of office, this _____

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS
By _____

Page 2 of 2
Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
09 ____ of ____

CIVC104 Revised 9/3/00

20CV35275

**LORI OLIVER, DISTRICT CLERK - P.O. DRAWER 1953, CENTER, TX 75935**

Filed 8/10/2020 4:20 PM
936-598-4164    Lori Oliver
District Clerk
**Shelby County, Texas**
Pamela Whitton

**Cause No. 20CV35275**

THE STATE OF TEXAS

| ROLANDETTE GLENN, ET AL | | IN THE DISTRICT COURT |
|---|---|---|
| VS. | | OF |
| TYSON FOODS, INC., JASON ORSAK, ERICA ANTHONY, AND MARIA CRUZ | | SHELBY COUNTY, TEXAS |

TO: **TYSON FOODS, INC., Agent CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201:**

**Notice to defendant:** You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the attached **FIRST AMENDED PETITION** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation, before the 123RD/273RD Judicial District Court of Shelby County, Texas at the Courthouse in said County in Center, Texas. Said Plaintiff's Petition was filed in said court on the 23RD day of July, 2020 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of **FIRST AMENDED PETITION** accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Shelby County Texas this 4th day of **August, 2020**

Attorney for Plaintiff or Plaintiffs:
Kurt Arnold
6009 Memorial Drive
Houston, Texas 77007
(713) 222-3800

Christopher Hughes
Don Wheeler
101 Tenaha Street
P.O. Box 1687
Center, Texas 75935
(936) 598-2925

Lori Oliver
District Clerk
Shelby County, Texas

By _____
Pamela Whitton, Deputy Clerk

**Service Return**

Came to hand on the _____ day of _____, 20___, at _____ m and executed on the _____ day of
_____, 20___, at _____ M by delivering to the within named _____ in person a true
copy of this citation, with attached copy(ies) of the

_____ at

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Service Fee: $ _____
Service ID No. _____

_____ Sheriff/Constable
_____ County, Texas

## SERVICE AFFIDAVIT ATTACHED

_____
Deputy/Authorized Person

On this day, _____, known to me to be the person whose signature appears on the foregoing return,
personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited
on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _____, 20___.

_____
Lori Oliver, Notary Public
Shelby County, Texas



A CERTIFIED COPY
pg _____ of _____

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Shelby**                    **273rd Judicial District Court**

Case Number: 20CV35275

Plaintiff:
**Rolandette Glenn, et al.**

vs.

Defendant:
**Tyson Foods, Inc.; Jason Orsak; Erica Anthony; and Maria Cruz**

For:
Kurt Arnold
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007

Received by Lexitas on the 6th day of August, 2020 at 10:38 am to be served on Registered Agent for Tyson Foods, Inc. CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

I, Anthony Collins, being duly sworn, depose and say that on the **6th day of August, 2020** at **12:00 pm**, I:

Executed service by hand delivering a true copy of the **Citation with copy of First Amended Petition** to: Lindsey Barrientez , an authorized acceptance agent employed by **Registered Agent CT Corporation System, Inc.**, who is authorized to accept service of process for **Tyson Foods, Inc.** , at the address of: **1999 Bryan Street, Suite 900, Dallas, TX 75201**, and informed said person of the contents therein, in compliance with state statutes.

Executed in _____ County, ___ on 8/10/2020. "I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit. I declare under the penalty of perjury that the foregoing is true and correct."
My name is Anthony Collins. My date of Birth is 11/25/1961
My address is 6417 Hawthorne Cv, Rowlett, TX 75089

Subscribed and Sworn to before me on the 8th day of August, 2020 by the affiant who is personally known to me.

**NOTARY PUBLIC**

> JON PEKAR
> My Notary ID # 126424900
> Expires January 11, 2023

**Anthony Collins**
PSC-357 Expires 12/31/2021

Lexitas
4299 San Felipe
Suite 350
Houston, TX 77027
(713) 375-0121

Our Job Serial Number: ONT-2020003484
Ref: Glenn/Tyson Foods

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t



Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg _____ of _____

**STATE OF TEXAS**
**COUNTY OF SHELBY**
I, Lori Oliver, District Clerk of Shelby County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, as appears of record in Vol._____, Page_____ Minutes of said court on file in my office.

Witness my official hand and seal of office, this _____

**LORI OLIVER, DISTRICT CLERK**
**SHELBY COUNTY, TEXAS**

By _____



20CV35275

Filed 8/14/2020 12:06 PM
Lori Oliver
District Clerk
Shelby County, Texas
Pamela Whitton

IN THE 123RD/273RD JUDICIAL DISTRICT COURT OF SHELBY COUNTY CENTER, TX

CAUSE #: 20CV35275

ROLANDETTE GLENN

VS.

JASON ORSAK, ERICA ANTHONY, AND MARIA CRUZ

## RETURN OF SERVICE

I, Brandon Brucia, make statement to the fact that I'm a competent person more than 18 years of age or older and not a party to this action, nor interested in the outcome of this suit. Landmark Civil Process received the documents stated below on 6/22/2020 at 2:15 PM to be delivered to Erica Anthony at 217 Parrott Dr., Ste. 205, Nacogdoches, TX 75965.

On 6/22/2020 at 6:25 PM I delivered **a true and correct copy of the CITATION with the attached ORIGINAL PETITION** to Erica Anthony, in person, at 1019 Shelbyville St., Center, TX 75935 in Shelby County.

My name is Brandon Brucia, and my date of birth is 10/16/1977. My address is 858 CR 753, Nacogdoches, TX 75964 in Nacogdoches County U.S.A. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Nacogdoches County, State of Texas, on the 23rd day of June, 2020.

Brandon Brucia  Declarant
TX Cert. #: PSC-5522  Exp. 08/31/2020

STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, as appears of record in Vol. _____ Page _____ Minutes of said court on file in my office.

Witness my official hand and seal of office, this 8-19-2020

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS

By _____

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ of ___

20CV35275

**LORI OLIVER, DISTRICT CLERK - P.O. DRAWER 1953, CENTER, TX 75935**

**Filed 8/14/2020 12:06 PM**
936-598-4164    **Lori Oliver**
**District Clerk**
**Shelby County, Texas**
Pamela Whitton

**Cause No. 20CV35275**

THE STATE OF TEXAS

| ROLANDETTE GLENN, ET AL | I | IN THE DISTRICT COURT |
| VS. | I | OF |
| TYSON FOODS, INC., JASON ORSAK, ERICA ANTHONY, AND MARIA CRUZ | I | SHELBY COUNTY, TEXAS |

**TO: TYSON FOODS, INC., Agent CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201:**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

You are hereby commanded to appear by filing a written answer to the attached **FIRST AMENDED PETITION** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation, before the 123RD/273RD Judicial District Court of Shelby County, Texas at the Courthouse in said County in Center, Texas. Said Plaintiff's Petition was filed in said court on the 23RD day of July, 2020 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of FIRST AMENDED PETITION accompany this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Shelby County Texas this 4th day of **August, 2020**

Attorney for Plaintiff or Plaintiffs:
Kurt Arnold
6009 Memorial Drive
Houston, Texas 77007
(713) 222-3800

Christopher Hughes
Don Wheeler
101 Tenaha Street
P.O. Box 1687
Center, Texas 75935
(936) 598-2925

Lori Oliver
District Clerk
Shelby County, Texas

By _____
Pamela Whitton, Deputy Clerk

## Service Return

Came to hand on the _____ day of _____, 20___, at _____ m and executed on the _____ day of
_____, 20___, at _____ M by delivering to the within named _____ in person a true
copy of this citation, with attached copy(ies) of the

_____ at

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Service Fee: $ _____
Service ID No. _____

_____ Sheriff/Constable
_____ County, Texas

## SERVICE AFFIDAVIT ATTACHED

_____
Deputy/Authorized Person

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
SWORN TO AND SUBSCRIBED BEFORE ME ON _____, 20___.



Lori Oliver, District Clerk
Shelby County, Texas
Notary Public
A CERTIFIED COPY
pg _____ of _____

## AFFIDAVIT OF SERVICE

State of Texas

County of Shelby

273rd Judicial District Court

Case Number: 20CV35275

Plaintiff:
Rolandette Glenn, et al.

vs.

Defendant:
Tyson Foods, Inc.; Jason Orsak; Erica Anthony; and Maria Cruz

For:
Kurt Arnold
Arnold & Itkin, LLP
6009 Memorial Drive
Houston, TX 77007

Received by Lexitas on the 6th day of August, 2020 at 10:38 am to be served on Registered Agent for Tyson Foods, Inc. CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

I, Anthony Collins, being duly sworn, depose and say that on the 6th day of August, 2020 at 12:00 pm, I:

Executed service by hand delivering a true copy of the Citation with copy of First Amended Petition to: Lindsey Barrientez , an authorized acceptance agent employed by Registered Agent CT Corporation System, Inc., who is authorized to accept service of process for Tyson Foods, Inc. , at the address of: 1999 Bryan Street, Suite 900, Dallas, TX 75201, and informed said person of the contents therein, in compliance with state statutes.

Executed in _____ County, _____ on 8/10/2020. "I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit. I declare under the penalty of perjury that the foregoing is true and correct."
My name is Anthony Collins. My date of Birth is 11/25/1961
My address is 6417 Hawthorne Cv, Rowlett, TX 75089

Anthony Collins
PSC-357 Expires 12/31/2021

Lexitas
4299 San Felipe
Suite 350
Houston, TX 77027
(713) 375-0121

Our Job Serial Number: ONT-2020003484
Ref: Glenn/Tyson Foods

Subscribed and Sworn to before me on the 8th day of August, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

JON PEKAR
My Notary ID # 124424900
Expires January 11, 2023

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby County, Texas do hereby certify that the foregoing is true and correct copy of the original record, now in my lawful custody and possession, as appears of record in Vol. _____ Page _____ Minutes of said court on file in my office.
this _____

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg ___ of ___