# EXHIBIT 1

20CV35275

Filed 7/23/2020 11:37 AM
Lori Oliver
District Clerk
Shelby County, Texas
Pamela Whitton

CAUSE NO. 20CV35275

| | | |
|---|---|---|
| Rolandette Glenn *et al.*,<br><br>*Plaintiffs*<br><br>vs.<br><br>Tyson Foods, Inc.; Jason Orsak; Erica Anthony; and Maria Cruz,<br><br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br>SHELBY COUNTY, TEXAS<br><br><br><br>273RD JUDICIAL DISTRICT |

**FIRST AMENDED PETITION**

Plaintiffs Rolandette Glenn; Idell Bell; Kerry Cartwright; Tammy Fletcher; Laveka Jenkins; Kiesha Johnson; Ronald Johnson; Daisy Williams; Danica Wilson; John Wyatt; Crystal Wyatt; and Clifford Bell, Individually and as Personal Representative of the Estate of Beverly Whitsey ("Plaintiffs") complain of Tyson Foods, Inc. ("Tyson Foods"); Jason Orsak; Erica Anthony; and Maria Cruz (collectively "Defendants") and will respectfully show the Court the following:

**I.**

**NATURE OF ACTION**

1. This is an action to recover damages after Plaintiffs contracted COVID-19 while working at Tyson's meatpacking plant in Center, Texas.

**II.**

**DISCOVERY**

2. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.



III.

**JURISDICTION AND VENUE**

3. Plaintiffs' claims arise under the laws of Texas.

4. The Court has jurisdiction over this case because Plaintiffs seek damages within the jurisdictional limits of this Court. Plaintiffs bring their claims under Texas state law and do not seek to make any claims that are pre-empted by federal law. Put differently, Plaintiffs allege that Defendants failed to provide them with a safe place to work and failed to follow appropriate guidelines and recommendations to avoid the spread of COVID-19.

5. Further, this case is not removable because Plaintiffs have not made any federal claims and complete diversity of citizenship is lacking because Plaintiffs and certain Defendants are both citizens of the state of Texas.

6. Venue is proper in this County pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(3) because one or more Defendants either resides or maintains a principal place of business in this County. Venue is also proper under Texas Civil Practice and Remedies Code Section 15.002(a)(1) because the acts or omissions giving rise to this suit occurred in this County.

IV.

**PARTIES**

7. Plaintiff Rolandette Glenn is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

8. Plaintiff Idell Bell is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.




Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 2 of 13

9. Plaintiff Kerry Cartwright is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

10. Plaintiff Tammy Fletcher is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

11. Plaintiff Laveka Jenkins is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

12. Plaintiff Kiesha Johnson is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

13. Plaintiff Ronald Johnson is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

14. Plaintiff Daisy Williams is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

15. Plaintiff Danica Wilson is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

16. Plaintiff John Wyatt is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center,





Texas facility.

17. Plaintiff Crystal Wyatt is a resident of Texas. Plaintiff worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility.

18. Plaintiff Clifford Bell, both Individually and as Personal Representative of the Estate of Beverly Whitsey, is a resident of Texas. Beverly Whitsey worked at Tyson Food's Center, Texas facility and contracted COVID-19 because of the unsafe working conditions at the Center, Texas facility. Beverly Whitsey died as a result of contracting COVID-19 at the Center, Texas facility.

19. Defendant Tyson Foods, Inc. ("Tyson") is a foreign corporation that does a substantial amount of business in Texas. Specifically, Tyson owns and operates the Tyson facility located in Center, Texas. Thus, the Court has specific jurisdiction over Tyson for its negligent conduct that occurred in the State of Texas. Tyson can be served through its registered agent: CT Corporation System, at 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

20. Defendant Jason Orsak is a resident of Texas and was the Complex Safety Manager for the Tyson facility in Center, Texas. Mr. Orsak has been served and has answered through counsel in this case.

21. Defendant Erica Anthony is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Anthony has been served and has answered through counsel in this case.

22. Defendant Maria Cruz is a resident of Texas and was one of the Safety Coordinators for the Tyson facility in Center, Texas. Ms. Cruz has been served and has answered through counsel in this case.





V.

**FACTS**

23. Plaintiffs worked at the Tyson meatpacking plant in Center, Texas. In spring of 2020, the COVID-19 pandemic began sweeping the United States. Many States and Counties began implementing proactive safety measures to prevent the spread of COVID-19.

24. In Texas, Governor Abbott issued a stay-at-home order for the State of Texas that took effect on April 2, 2020. Despite the stay-at-home order, Plaintiffs were required to continue working at the Tyson meatpacking plant in Center, Texas after April 2, 2020. Plaintiff salso worked at the Center, Texas meatpacking plant prior to April 2, 2020.

25. Both prior to April 2, 2020, and after April 2, 2020, Tyson failed to take adequate precautions to protect the workers at its meatpacking facilities, including the Center, Texas meatpacking facility. Even when the rest of the country and the State of Texas were taking significant precautions to prevent the spread of COVID-19, prior to April 2, 2020, Tyson did not do the same thing. And even after April 2, 2020, Tyson still required its employees to come to work and did not provide adequate precautions or protections to help protect its employees from COVID-19.

26. Defendants Jason Orsak (the complex safety manger), Erica Anthony (safety coordinator), and Maria Cruz (safety coordinator) were directly responsible for implementing a safe work environment at Tyson's Center, Texas meatpacking plant.[1] These Defendants were also directly responsible for implementing and enforcing adequate safety measures to prevent the spread of COVID-19 to the Tyson employees working at the Center, Texas meatpacking plant.

[1] Tyson Foods chose not to obtain workers compensation insurance in the State of Texas. Thus, Tyson and its agents (the named Defendants in this lawsuit) are liable to Plaintiff for her personal injuries sustained in the course and scope of her employment.


Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 5 of 13

Upon information and belief, Defendants Tyson, Inc.; Jason Orsak; Erica Anthony; and Maria Cruz failed to fulfill their job duties to provide a safe working environment to Plaintiffs. Defendants Orsak, and Anthony failed to issue masks to employees, institute six feet barriers between employees, limit contact between employees, and create rideshare alternatives to the Plant's bus system. As a direct result of the negligence and gross negligence of Defendants, Plaintiffs contracted COVID-19 at the Center, Texas meatpacking plant and has experienced significant injuries as a result.

27. Thousands of Tyson employees have been exposed to COVID-19 at Tyson's meatpacking facilities. Upon information and belief, at least 7,100 Tyson employees have contracted COVID-19, and at least 24 Tyson employees have died as a result of exposure to COVID-19 at Tyson's meatpacking facilities.

28. In Texas, Tyson chose not to provide its employees with workers compensation insurance. Instead, Tyson has implemented a program called WISP or Workplace Injury Settlement Program wherein Tyson pressures employees to sign releases before providing injury benefits. In many cases, Tyson then pays limited, if any benefits, once its employees have signed away their right to sue.

29. Tyson's conduct, effectuated through both Tyson Foods and the named Defendants in this lawsuit, was negligent and grossly negligent and was the cause of the underlying incident.

**VI.**

**<u>CAUSES OF ACTION</u>**

***A. Negligence and Gross Negligence against all Defendants.***

30. Plaintiffs repeat and re-allege each allegation contained above.

31. Defendants are negligent and grossly negligent for the following reasons:

a. Failed to provide a safe work environment;





b. Requiring Plaintiffs to continue working at the meatpacking plant when it was no longer safe to do so due to COVID-19;

c. Failed to provide adequate PPE to the workers at the meatpacking plant;

d. Failed to implement adequate precautions and social distancing at the meatpacking plant;

e. Failed to follow guidelines set forth by the WHO and CDC with regard to COVID-19 at the meatpacking plant;

f. Failed to warn of the dangerous conditions at the meatpacking regarding COVID-19;

g. Failure to properly train Tyson employees at the meatpacking plant;

h. Failure to provide adequate medical treatment;

i. Allowed and required individuals who were infected with COVID-19 to continue to work at the meatpacking plant infecting other individuals; and

j. Other acts deemed negligent and grossly negligent.

32. Defendants owed Plaintiffs a legal duty of the foregoing.

33. Defendants breached these duties, and as a direct and proximate result of Defendants' breaches of duty caused serious bodily injury to Plaintiffs, resulting in the following damages: physical pain, mental anguish, physical impairment, past and future medical expenses, loss of earning capacity, and loss of services. Because of the severity and degree of Plaintiffs' injuries, Plaintiffs will incur significant future medical expenses as a result of Defendants' negligent and grossly negligent conduct.

34. Further, Defendants are liable for their grossly negligent conduct. Defendants' actions and/or omissions, when viewed objectively, exposed Plaintiffs to an extreme degree of risk


Lori Oliver District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 7 of 13

with no regard for the probability and magnitude of the potential harm. Defendants also had actual, subjective awareness of the risk involved, yet chose to proceed in conscious indifference to the rights, safety, and welfare of Plaintiffs. Thus, Plaintiffs are entitled to exemplary damages against Defendants.

***B. Premises Liability Against Tyson Foods.***

35. Plaintiffs repeat and re-allege each allegation contained above.

36. Tyson Foods was the premises owner of the Center, Texas meatpacking plant.

37. At all relevant times, Plaintiffs were invitees at the Center, Texas meatpacking plant.

38. Tyson Foods owed Plaintiffs a duty of ordinary care to keep its premises in a reasonably safe condition, inspect the premises to discover latent defects, and make safe any defects or give an adequate warning.

39. Tyson Foods failed to satisfy its duty of care to Plaintiffs.

40. Tyson Foods either knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees because Tyson Foods knew of the spread of COVID-19 throughout its facility. Specifically, Tyson Foods knew of employees testing positive prior to Plaintiffs being infected and caused and allowed other employees to work around the infected employees in an unsafe manner. Tyson Foods should have known that the conditions regarding COVID-19 posed an unreasonable risk of harm to invitees because the infections of Tyson Foods employees with COVID-19 had been present for a significant time before Plaintiffs were infected.

41. Tyson Foods failed to exercise ordinary care to reduce or eliminate the risk of exposure of its employees to COVID-19.



42. Each of these acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of the occurrence described above.

### *C. Wrongful Death and Survival Claims Against Defendants by Clifford Bell Individually and as the Personal Representative for the Estate of Beverly Whitsey.*

43. Plaintiffs Clifford Bell, Individually and as the Personal Representative of the Estate of Beverly Whitsey, repeat and re-allege each allegation contained above.

44. As a wrongful death beneficiary, Clifford Bell, Individually, as the Personal Representative of the Estate of Beverly Whisey, seeks to recover all damages available under Texas law. The Defendants had the above referenced duties. Defendants breached those duties and Defendants' breaches were the cause in fact and the proximate cause of Decedent's death and Plaintiffs' injuries. These acts of negligence and gross negligence also led to Plaintiffs' suffering severe injury. Plaintiffs are now entitled to recover for their injuries, which give rise to both wrongful death and survival claims.

45. As the Personal Representative of the Estate of Beverly Whitsey, Clifford Bell seeks to recover damages for the survival action he is entitled to bring under TEX CIV. PRAC. & REM. CODE §71.021. As a result of Defendants' negligence and gross negligence, Decedent suffered severe physical injuries that ultimately led to her death. The Defendants had the above referenced duties. Defendants breached those duties and Defendants' breaches were the cause in fact and the proximate cause of Decedent's death. Furthermore, Defendants' actions were done with reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages on behalf of the estate of Decedent.

Lori Oliver, District Clerk
Shelby County, Texas
A CERTIFIED COPY
pg 9 of 13

## VII.

## Damages

46. As a result of said occurrences, Plaintiffs sustained severe injuries to their bodies, lungs, and respiratory systems in general, which resulted in physical pain, mental anguish, and other medical problems. Plaintiffs have sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiffs' physical pain, physical impairment, and mental anguish will continue indefinitely.

47. Plaintiffs are also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Plaintiffs' injuries were caused by malicious, willful, reckless, or wanton acts or omissions of Defendants, or alternatively the gross negligence of Defendants' employees, agents or representatives.

## VIII.

## Jury Trial

48. Plaintiffs hereby requests a trial by jury on all claims and submits her jury fee herewith.

## IX.

## Prayer

49. Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiffs show themselves justly entitled. As required by Rule 47 of the Texas



Rules of Civil Procedure, Plaintiffs affirmatively state that they seek damages in excess of $1,000,000 and prays for relief and judgment, as follows:

a. Compensatory damages against Defendants;

b. Actual damages;

c. Consequential damages;

d. Pain and suffering;

e. Exemplary damages;

f. Past and future mental anguish;

g. Past and future impairment;

h. Past and figure disfigurement;

i. Loss of wages past and future;

j. Loss of earning capacity;

k. All wrongful death damages allowed for under Texas law;

l. All survivorship damages allowed for under Texas law;

m. Funeral expenses;

n. Interest on damages (pre- and post-judgment) in accordance with law;

o. Plaintiffs' reasonable attorneys' fees;

p. Costs of court;

q. Expert witness fees;

r. Costs of copies of depositions; and

s. Such other and further relief as the Court may deem just and proper.





Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt Arnold*

Kurt Arnold
SBN: 24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Joseph McGowin
SBN: 24117268
jmcgowin@arnolditkin.com
Claire Traver
SNB: 24115871
ctraver@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
kbateam@arnolditin.com
e-service@arnolditkin.com

&

WHEELER & HUGHES
101 Tenaha Street
P. O. Box 1687
Center, Texas 75935
Telephone No.: (936) 598-2925
Facsimile No.: (936) 598-7024
*/s/ Christopher Hughes*
Christopher C. Hughes
Texas Bar No. 24074452
*/s/ Don Wheeler*
Don Wheeler
Texas Bar No. 21256200

**ATTORNEYS FOR PLAINTIFFS**





**CERIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been sent to all counsel of record in accordance with the Texas Rules of Civil Procedure on this 23rd day of July, 2020.

*/s/ Roland Christensen*
Roland Christensen

STATE OF TEXAS
COUNTY OF SHELBY
I, Lori Oliver, District Clerk of Shelby County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and possession, as appears of record in Vol. ____, Page ____ Minutes of said court on file in my office.

Witness my official hand and seal of office, this 8-19-2020.

LORI OLIVER, DISTRICT CLERK
SHELBY COUNTY, TEXAS
By ________

