IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| Rolandette Glenn *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | |
| Tyson Foods, Inc.; Jason Orsak; Erica Anthony; and Maria Cruz, | § § § § § | CIVIL ACTION NO. 9:20-CV-00184-RC-ZJH |
| *Defendants* | § § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

For the reasons set forth below, the Court should deny Defendants' supplemental motion to dismiss Plaintiffs' first amended complaint.

# I.

## STATEMENT OF THE ISSUES

1. Does Plaintiffs' first amended complaint allege facts sufficient to survive Defendants' Rule 12(b)(6) motion to dismiss under the recently enacted Pandemic Liability Protection Act?

# II.

## SUMMARY OF THE ARGUMENT

This case arises out of injuries Plaintiffs sustained while working at Tyson Foods' meatpacking plant in Center, Texas. The global COVID-19 pandemic has swept the country affecting almost 18 million people, and so far has caused the deaths of over 300,000 Americans. Meatpacking plants have been particularly hard hit as companies like Tyson failed to protect their employees.

Plaintiffs in this suit contracted COVID-19 while working for Tyson. They filed suit in Texas state court bringing exclusively state law claims against Tyson for negligence and gross negligence. Tyson removed the suit and filed a motion to dismiss arguing that Plaintiffs' complaint fails to properly allege causation and that Plaintiffs' claims are preempted by the Poultry Products Inspection Act ("PPIA"). Plaintiffs have already responded to that motion showing that their most recent petition is more than adequate under the federal rules.

Most recently, Defendants have filed a supplemental motion to dismiss arguing that the newly enacted Pandemic Liability Protection Act is cause for dismissal of Plaintiffs' claims. But even under this new legislation, Plaintiffs' most recent petition passes muster. Thus, accepting the pleaded facts as true and resolving all reasonable inferences in Plaintiffs' favor, Plaintiffs' claims should not be dismissed.

## III.

### FACTUAL BACKGROUND

Plaintiffs are eleven Tyson workers who contracted COVID-19 because of unsafe working conditions at the Center, Texas Tyson facility and the personal representative of a twelfth worker, Beverly Whitsey, who died as a result of contracting the virus at work.

In the spring of 2020, the COVID-19 pandemic began sweeping the United States. Many states and counties began implementing proactive safety measures to prevent the spread of COVID-19. This included the State of Texas. Texas Governor Greg Abbott issued a stay-at-home order for the state that took effect on April 2, 2020. Despite the stay-at-home order, Plaintiffs were required to continue working at the Tyson meatpacking plant in Center.

Both before and after the April 2 stay-at-home order, Tyson failed to take adequate precautions to protect the workers at its meatpacking facilities, including the Center, Texas plant. Even when the rest of the country and the state of Texas were taking significant precautions to prevent the spread of COVID-19, Tyson failed to do the same. And even after the April 2 order, Tyson still required its employees to come to work and did not provide adequate precautions and protections to help protect its employees from COVID-19.

Tyson was directly responsible for implementing a safe work environment at its Center meatpacking plant. And Tyson was also directly responsible for implementing and enforcing adequate safety measures to prevent the spread of COVID-19 to the Tyson employees working at the Center plant. But despite knowing of the dangers, Tyson failed to provide a safe working environment for Plaintiffs. As a direct result of Tyson's negligence and gross negligence of Plaintiffs contracted COVID-19 at the meatpacking plant. As a result, Plaintiffs have experienced significant injuries.

## IV.

### LEGAL STANDARD

"A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted." *Lahman v. Cape Fox Corp.*, 4:17-CV-00305, 2018 WL 4205424, at *1 (E.D. Tex. Sept. 4, 2018) (citing FED. R. CIV. P. 12(b)(6)). But Rule 12(b)(6) motions are generally "'viewed with disfavor'" and are "'rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

"To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must 'nudge[ ] their claim across the line from conceivable to plausible' by pleading 'enough facts to state a claim to relief that is plausible on its face.'" *Webb v. Livingston*, 6:13CV711, 2014 WL 11860703, at *1 (E.D. Tex. May 5, 2014) (annotations as in original) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lahman*, 2018 WL 4205424, at *1 (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotations omitted)). This means that the plaintiff's complaint "need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Harris v. Coastal Offshore, Inc.*, CIV.A. C-11-58, 2011 WL 2457922, at *2 (S.D. Tex. June 16, 2011) (quoting FED. R. CIV. P. 8(a)(2)). The plaintiff's statement of a claim "must simply give [the] defendant fair notice of what [the] plaintiff's claim is and grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-15 (2002). This is a "liberal and simplified 'notice of pleading' standard." *Id.*

When deciding a Rule 12(b)(6) motion to dismiss, the court "'must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.'" *Morris v. Conn*

*Credit Co.*, CV H-13-195, 2013 WL 12157173, at *1 (S.D. Tex. July 25, 2013) (quoting *Baker v. Putnal*, 75 F.3d 190, 198 (5th Cir. 1996)). In other words, "[t]he court is required to construe the complaint liberally in favor of the plaintiff, and take all facts pleaded in the complaint as true." *Webb*, 2014 WL 11860703, at *1 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)). Plaintiffs need only establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And "[a]bsent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying [the] [p]laintiff an opportunity to develop facts to support his complaint." *Hoppenstein v. Ruckel*, 4:14-CV-467, 2015 WL 294295, at *3 (E.D. Tex. Jan. 22, 2015).

V.

ARGUMENT

1. **Plaintiffs' complaint alleges facts that are plausible on there face and establish that Tyson knowingly exposed them to COVID-19.**

Under the recently enacted Pandemic Liability Protection Act, Plaintiffs need only establish that Tyson "knowingly failed to warn [them] of or remediate a condition that [Tyson] knew was likely to result in the exposure of [Plaintiffs] to the disease" or that Tyson "knowingly failed to implement or comply with government-promulgated standards, guidance or protocols intended to lower the likelihood of exposure to the disease . . ." TEX. CIV. PRAC. & REM. CODE § 148.003(a)(1)(A)-(B). In short, Tyson is liable under the failure to warn prong if it "(i) had control over the condition; (2) knew that [Plaintiffs were] more likely than not to come into contact with the condition; and (3) had a reasonable opportunity and ability to remediate the condition or warn [Plaintiffs] of the condition before [they] came into contact with the condition." TEX. CIV. PRAC. & REM. CODE § 148.003(1)(A)(i)-(iii). And it is liable under the failure to implement prong if Tyson "(i) . . . had a reasonable opportunity and ability to

4

implement or comply with the standards, guidance or protocols; (ii) . . . refused to implement or comply with or acted with flagrant disregard of the standards, guidance, or protocols; and (iii) the government-promulgated standards, guidance, or protocols that the person failed to implement or comply with did not, on the date that the individual was exposed to the disease, conflict with government-promulgated standards, guidance, or protocols that the person implemented or complied with . . ." TEX. CIV. PRAC. & REM. CODE § 148.003(a)(1)(B)(i)-(iii).

In their first amended complaint, Plaintiffs allege that Tyson failed to take the necessary precautions and implement the necessary protections to help prevent the spread of COVID-19 at their meatpacking facilities, including the Center, Texas facility where Plaintiffs worked. *See* Ex. 1: Pls.' First Am. Pet., at ¶ 25. On April 2, 2020, Governor Abbott issued a stay-at-home order for Texas residents in an effort to help slow the spread of COVID-19. *Id.* at ¶ 24. But despite the order, Plaintiffs were required to continue working at the Tyson meatpacking plant. *Id.* Even when the rest of the country, and specifically the state of Texas, was taking adequate precautions to prevent, or at least slow, the spread of the virus, Tyson did not do the same thing. *Id.* at ¶ 25. Tyson was directly responsible to implement a safe work environment by providing the workers adequate protections. *Id.* at ¶ 26. Tyson should have enforced safety measures to prevent the spread of COVID-19 to Plaintiffs. *Id.* But Tyson failed to take simple precautionary measures. *Id.* As a direct result of these failures, Plaintiffs contracted COVID-19. *Id.*

In Plaintiffs' complaint, they point out that thousands of Tyson employees have been exposed to COVID-19 at Tyson facilities throughout the country. *Id.* at ¶ 17. At the time of filing, at least 7,100 Tyson employees had contracted COVID-19, and at least 24 Tyson employees, including the decedent in this case, had died as a result of exposure to the virus at

Tyson's meatpacking facilities. *Id.* In short, it is well known that Tyson employees have experienced a much higher rate of positive cases of COVID-19 than the rest of the country.

In July 2020, the CDC issued a report discussing the high rate of COVID-19 among workers in meat and poultry processing facilities across the United States.[1] The report concluded, "COVID-19 outbreaks among meat and poultry processing facility workers can rapidly affect large numbers of persons." *Id.* By the end of May 2020, data from 23 states showed that COVID-19 was diagnosed in 9.1% of meat and poultry processing workers. *Id.* Several factors, including "prolonged close workplace contact with coworkers, . . . shared work spaces, shared transportation to and from the workplace, congregate housing, and frequent community contact with fellow workers" contributed to the spread and high rate of infection. *Id.* "The percentage of workers with COVID-19 ranged from 3.1% to 24.5% per facility." *Id.*

Tyson meatpacking plants have experienced these same high rates of infection.[2] Given these statistics, Plaintiffs' allegations that they (1) are Tyson workers; (2) were not provided with appropriate PPE protections to limit the spread of COVID-19; and (3) contracted the virus from working at Tyson, are plausible on their face and certainly enough to show causation.

---

[1] *See* "Update: COVID-19 Among Workers in Meat and Poultry Processing Facilities—United States, April-May 2020," https://www.cdc.gov/mmwr/volumes/69/wr/mm6927e2.htm.

[2] For example, in Tyson's Waterloo plant, 1000 of the 2800 workers were reported to have contracted the disease. (*See* "Families of 3 dead workers sue Tyson Foods over coronavirus outbreak" accessed on Sept. 16 at https://fortune.com/2020/06/26/tyson-foods-coronavirus-lawsuit/).

As of July 30, 10,000 of the roughly 100,000 Tyson employees had tested positive for COVID-19. (*See* "Over 10,000 Tyson Employees Reportedly Test Positive for Covid" accessed on Sept. 16 at https://www.forbes.com/sites/alexandrasternlicht/2020/07/30/over-10000-tyson-employees-reportedly-test-positive-for-covid/#48383a736da4).

1 in 4 Tyson employees in Tyson's North Carolina plant tested positive. (*See* "1 in 4 Tyson employees in a North Carolina plant tested positive for COVID-19," accessed on Sept. 16, 2020 at https://www.cnn.com/2020/05/22/business/tyson-plant-north-carolina-coronavirus-trnd/index.html).

Additionally, Plaintiffs allege that Tyson:

- Failed to provide a safe work environment;
- Required Plaintiffs to continue working at the meatpacking plant when it knew it was no longer safe to do so;
- Failed to provide adequate PPE to the workers at the meatpacking plant;
- Failed to implement adequate precautions and social distancing at the meatpacking plant;
- Failed to follow guidelines set forth by the WHO and CDC with regard to COVID-19 at the meatpacking plant;
- Failed to warn of the dangerous conditions at the meatpacking plant regarding COVID-19;
- Failed to properly train its employees at the plant;
- Failed to provide adequate medical treatment;
- Allowed and required workers who were infected with COVID-19 to continue working at the plant who then infected other individuals.

Ex. 1: Pls.' First Am. Compl., at ¶ 31.

Plaintiffs allege that Tyson "had actual subjective awareness of the risk involved yet chose to proceed in conscious indifference to the rights, safety, and welfare of Plaintiffs." *Id.* at ¶ 34. And that Tyson "knew of the spread of COVID-19 throughout its facility" and "knew of employees testing positive prior to Plaintiffs being infected" but "caused and allowed other employees to work around the infected employees in an unsafe manner." *Id.* at ¶ 40.

When considering Tyson's motion to dismiss, this Court "must accept as true all well-pleaded facts" in Plaintiffs' complaint "and view those facts in the light most favorable" to Plaintiffs. *Lahman*, 2018 WL 4205424, at *1 (E.D. Tex. Sept. 4, 2018). This includes any facts that go to causation or Tyson's knowledge regarding the risks and dangers of COVID-19 and the rate of infection at its plant.

To be sure, Plaintiffs have provided notice of their claims and have pleaded facts that show a causal link between Tyson's actions and Plaintiffs' injuries and that Tyson had knowledge of the risks yet knowingly failed to warn Plaintiffs or to remediate the dangerous condition. Indeed, Tyson failed to follow applicable government-promulgated standards, guidance, and protocols and unnecessarily exposed Plaintiffs to the disease. Accordingly, the Court should deny Tyson's supplemental motion as Plaintiffs' complaint outlines facially plausible claims that show that Plaintiffs are entitled to relief.

2. **In the event that the Court finds that Tyson's supplemental motion has merit as to any of Plaintiffs' claims, Plaintiffs ask for leave to amend their complaint to cure any alleged deficiencies.**

As noted above, Plaintiffs' complaint passes muster under federal pleading rules. But in the event the Court finds that any of Plaintiffs' claims are under-pled—especially given that the Pandemic Liability Protection Act was not in effect when Plaintiffs filed their most recent complaint—Plaintiffs ask the Court to grant them leave to amend their complaint to cure any deficiencies found therein. Rule 15(a) of the Federal Rules of Civil Procedure "instructs the court to 'freely give leave when justice so requires.'" *Shelton v. Bonham Indep. Sch. Dist.*, 4:17-CV-00764, 2018 WL 466258, at *1 (E.D. Tex. Jan. 18, 2018). "The rule 'evinces a bias in favor of granting leave to amend.'" *Id.* Thus if necessary, and the Court is inclined to grant Tyson's motion as to any of Plaintiffs' claims, Plaintiffs ask the Court to give them the opportunity to amend their complaint to add any additional facts the Court finds necessary to avoid dismissal of any of their claims.

## VI.

### CONCLUSION

For the foregoing reasons, the Court should deny Tyson's supplemental motion to dismiss.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Roland Christensen*

Kurt Arnold
State Bar No: 24036150
Federal ID: 36185
karnold@arnolditkin.com
Caj Boatright
State Bar No: 24036237
Federal ID: 650384
cboatright@arnolditkin.com
Roland Christensen
State Bar No: 24101222
Federal ID: 2987857
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record on July 12, 2021.

*/s/ Roland Christensen*

Roland Christensen

9