IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| ROLANDETTE GLENN; IDELL BELL; KERRY CARTWRIGHT; TAMMY FLETCHER; LAVEKA JENKINS; KIESHA JOHNSON; RONALD JOHNSON; DAISY WILLIAMS; DANICA WILSON; JOHN WYATT; CRYSTAL WYATT; AND CLIFFORD BELL, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BEVERLY WHITSEY,<br><br>Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC.; JASON ORSAK; ERICA ANTHONY; AND MARIA CRUZ,<br><br>Defendants. | §<br><br>CASE NO. 9:20-cv-00184<br>JUDGE MICHAEL TRUNCALE |

## ORDER ON DEFENDANTS' MOTION FOR STAY PENDING APPEAL

Before the Court is the Defendants' Motion for Stay Pending Appeal. [Dkt. 42]. A brief administrative stay was previously granted to allow the parties to fully brief these critical legal issues. [Dkt. 43]. The Court is now ready to render a decision.

## BACKGROUND

Tyson Foods, Inc., operates a meat-packing plant in Center, Texas. Early in the coronavirus pandemic, Governor Abbott issued a stay-at-home order, shutting down the State of Texas. But soon afterward, President Trump issued an executive order designating meat processing plants as "critical infrastructure." Tyson continued operations across the United States and, pertinently, in Center, Texas. Several workers at the Center facility contracted COVID-19, and one worker died.

1

Those workers and their survivors sued Tyson and three of its employees in state court.[1] In similar cases filed across the United States, Tyson has employed an identical litigation strategy: removing the case to federal court and contending that removal is proper under the federal officer removal statute, 28 U.S.C. § 1442(a), because Tyson was designated as critical infrastructure and because of the preemptive effect of the President's executive order.[2] While some federal courts have accepted that theory of removal,[3] this Court disagrees and has ordered the case remanded to state court. [Dkt. 40]. Tyson now asks the Court to stay its remand order pending an appeal to the Fifth Circuit.

For the reasons provided below, that request is **GRANTED**.

## DISCUSSION

### A. Jurisdiction

The Court has jurisdiction to address this motion following its prior order to remand. The question of when exactly a remand order divests a federal district court of jurisdiction and reinvests a state court with exclusive jurisdiction is a matter of some dispute. *See generally* David A. Furlow & Kelly W. Kelly, *Removal and Remand: When Does a Federal District Court Lose Jurisdiction over a case Remanded to State Court*, 41 SMU L. REV. 999 (1987). But within the Fifth Circuit the issue is quite settled. *See Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001). After an order to remand a case is entered, a district court is not "divested of jurisdiction until the remand order . . . is certified and mailed by the clerk of the district court." *Id.* at 438.[4] Here, the Court issued an

---

[1] The corporate and individual defendants are all represented by the same attorneys. For clarity, the Court will refer to all defendants as "Tyson."
[2] *See, e.g.*, *Fernandez v. Tyson Foods, Inc. et al.*, 509 F. Supp. 3d 1064 (N.D. Iowa 2020) (remanding the case to state court); No. 20-cv-2079-LRR, 2021 U.S. Dist. LEXIS 67963 (N.D. Iowa Jan. 28, 2021) (denying Tyson's motion to stay pending appeal of the remand order).
[3] *See Fields et al. v. Brown et al.*, No. 6:20-cv-000475, 2021 WL 510620 (E.D. Tex. Feb. 11, 2021); *Wazelle, et al. v. Tyson Foods, Inc., et al.*, No. 2:20-cv-203-Z, 2021 WL 2637335 (N.D. Tex. June 25, 2021).
[4] *But see In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996) ("a federal court loses jurisdiction over a case as soon as its order to remand the case is entered."); *Good Gateway, LLC v. BKGD, LLC*, 626 B.R. 46, 49–50 (Bankr. M.D. Fla. Mar. 4, 2021 (noting "the Eleventh Circuit has not weighed in" on this question and adopting the Fourth Circuit

administrative stay on the execution of its prior remand order. Accordingly, the Court has retained jurisdiction over the case.

## B. Standard of Review

A federal district court has inherent authority to stay proceedings so that it can "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Considering whether to grant a stay requires an "individualized judgment" and is not reducible to a rigid set of rules. *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). In making its determination, a court considers four factors: (1) the stay applicant's "likelihood of success on the merits"; (2) the "irreparable harm" that could result to the applicant absent a stay; (3) whether granting the stay could cause "substantial injury to other parties"; and (4) where the "public interest" lies. *Id.* at 776. The first two *Hilton* factors are the "most critical." *Moore v. Tangipahoa Parish Sch. Bd.*, 507 Fed. App'x 389, 392 (5th Cir. 2013) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

## C. Analysis

At this juncture, the Court considers the impact of the Supreme Court's recent decision in *BP P.L.C. v. Mayor of Baltimore*, 141 S. Ct. 1532 (May 17, 2021) upon the consideration of motions to stay remand orders. *Baltimore* altered the *Hilton* calculus by expanding the scope of appellate review over remand orders involving § 1442 removals. Previously, appellate review was limited to the portions of a district court's remand order pertaining to the § 1442 grounds, but now the "whole of its order" is reviewable on appeal. *Baltimore*, 141 S. Ct. at 1538. Immediately after *Baltimore*, circuit decisions involving the denial of stays based on the older, more limited approach to appellate review were vacated. *See, e.g., Bd. Of Cty. Comm'rs v. Suncor Energy (U.S.A.) Inc.*,

---

standard); *see also Vogel v. United States Office Prods. Co.*, 258 F.3d 509 (6th Cir. 2001) ("Certification of [a] remand order to a state court divests a federal court of jurisdiction.").

965 F.3d 792 (10th Cir. 2020), *vacated by Suncor Energy (U.S.A.) Inc. v. Bd. of Cty. Comm'rs*, No. 20-783, 2021 U.S. LEXIS 2601 (May. 24, 2021).

The Court also finds persuasive a recent post-*Baltimore* case decided by the U.S. District Court for the District of Minnesota, *Minn. v. API*, No. 20-1636 (JRT/HB), 2021 U.S. Dist. LEXIS 157845 (D. Minn. Aug. 20, 2021). In *API*, which also involved a motion to stay pending the appeal of an order to remand a case removed under § 1442, Chief Judge John Tunheim assessed how *Baltimore* had tilted the scales for the first two *Hilton* factors. *Id.* at *8–10.

First, Judge Tunheim found that by expanding the scope of appellate review, the *Baltimore* decision "increases the likelihood" that an appellate court will find in the removing defendant's favor on one of the non-§ 1442 removal grounds. *Id.* at *8. This makes it easier for a defendant to meet the requisite showing under *Hilton*'s first factor of more than a "mere possibility of relief." *Id.* Second, Judge Tunheim found that because *Baltimore* significantly expanded the scope of appellate review, it made it more likely that "appellate proceedings will be prolonged," which increases the likelihood that a "state court would decide the merits of the claims or address dispositive motions before [the] appeal is fully exhausted." *Id.* at 10. Therefore, under *Hilton*'s second factor, it is easier for a defendant to show "concrete and irreparable injury" absent the grant of a stay. *Id.* With these changes in mind, the Court will now assess the traditional stay factors.

1. *Likelihood of Success on the Merits*

Showing a likelihood of success on the merits does not mean an applicant needs to show "a probability" of success. *Ruiz v. Estelle*, 620 F.2d 555, 565 (5th Cir. 1981). A showing of "more than a mere possibility" of relief is enough. *Nken*, 556 U.S. at 434. Moreover, where the other factors weigh substantially in favor of granting a stay, an applicant need only present "a substantial case on the merits" on a "serious legal question." *Ruiz*, 650 F.2d at 565–66.

4

Under either approach, this factor weighs in Tyson's favor. It is true, as Tyson notes, that district courts considering § 1442 removals "on materially analogous facts are in open conflict over the issue, including two diametrically opposed decisions in this very District." [Dkt. 42]. Two decisions within the Fifth Circuit support Tyson's contention that it has a proper basis for § 1442 removal. *See Fields et al. v. Brown et al.*, No. 6:20-cv-000475, 2021 WL 510620 (E.D. Tex. Feb. 11, 2021); *Wazelle, et al. v. Tyson Foods, Inc., et al.*, No. 2:20-cv-203-Z, 2021 WL 2637335 (N.D. Tex. June 25, 2021). Only one holds otherwise, the decision of this Court. On these odds, Tyson is able to show "more than a mere possibility" of relief.

Similarly, Tyson is able to present a "substantial case on the merits" on a "serious legal question." As mentioned earlier, numerically speaking, the odds are in Tyson's favor, so Tyson is able to present a substantial case on the merits. As for the seriousness of the legal question involved, the Court provides a brief overview of the situation.

Justice Sotomayor's dissent in *Baltimore* noted that for over a century, remand orders were not subject to appellate review because of a "policy of not permitting interruption of the litigation of the merits of a removed case by prolonged litigation of questions of jurisdiction of the district court." *See Baltimore*, 141 S. Ct. at 1553. More recently, Congress created limited exceptions to this rule for cases removed pursuant to 28 U.S.C. §§ 1442, 1443, the civil rights and federal officer removal statutes. *Id.* Until *Baltimore*, appellate review of remand decisions for such cases was limited to just the § 1442 and § 1443 removal grounds. But now, all grounds of removal are reviewable on appeal. Justice Sotomayor closed her dissent by noting that the majority's decision would allow defendants to sidestep Section 1447(d)'s "broad restrictions" on appellate jurisdiction over district courts' remand orders by making "near-frivolous arguments for removal under § 1442 or § 1443." *Id.* at 1547.

Justice Sotomayor's warning is made more potent following our sister courts' decisions sustaining Tyson's unprecedented arguments for federal officer removal jurisdiction. In both cases, mere designation as critical infrastructure, informal communication and interaction with government agencies, and participation in a meeting between the President and other food industry executives were found to be sufficient. Neither court addressed Tyson's other argument for federal officer removal jurisdiction, that the President's executive order preempted the plaintiffs' claims. But this Court did, and it found that argument wanting.

The Fifth Circuit is therefore faced with a legal question—undoubtedly a serious one—regarding a breathtaking expansion of federal power in both the executive and judicial branches. Accordingly, under the first *Hilton* factor, Tyson is able to show a "likelihood of success on the merits."

### 2. *Irreparable Harm*

Tyson has made a strong showing that it faces "irreparable harm" absent a stay. Congress has provided that defendants who remove cases pursuant to § 1442 have a statutory right to appeal. 28 U.S.C. § 1447. In *Baltimore*, Justice Gorsuch, writing for the majority, suggested that Congress intended to allow for the exercise of this statutory right "*before* a district court may remand a case to state court." *Baltimore*, 141 S. Ct. at 1536 (emphasis added). Similarly, several courts have found that staying a case removed pursuant to § 1442 "is appropriate to prevent rendering the statutory right to appeal 'hollow.'" *Northrop Grumman Tech . Servs. v. DynCorp Int'l LLC*, No. 1:16-cv-534 (JCC/IDD), 2016 U.S. Dist. LEXIS 78864, at *10–11 (E.D. Va. 2016) (listing cases granting stays based on similar reasoning). This Court agrees that forcing the parties to simultaneously litigate this case in state and federal court would subvert a clear expression of congressional intent and constitute irreparable harm.

Moreover, while "[m]ere litigation expense, even substantial and unrecoupable cost, do[] not constitute irreparable injury," *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 24 (1974), the increased likelihood of prolonged appellate proceedings following *Baltimore*'s expansion of the scope of appellate review makes it ever more probable that the state court could "decide the merits of the claims or address dispositive motions before [the] appeal is fully exhausted." *API*, 2021 U.S. Dist. LEXIS 157845, at *10. This would render victory meaningless in state proceedings in the event of Tyson's appellate success—wasting judicial resources at the state level and injuring all parties involved. Therefore, under the second *Hilton* factor, Tyson is able to demonstrate that "irreparable harm" would result absent the grant of this stay.

3. *Substantial Injury to the Other Parties*

Earlier, this Court granted a brief administrative stay to give the plaintiffs time to respond to Tyson's motion for a stay pending appeal. [Dkt. 43]. However, the plaintiffs did not take advantage of that opportunity. While it is certainly true that the "burden is on a [stay applicant] to show why a stay is justified," *Brackeen v. Zinke*, No. 4:17-cv-00868-O, 2018 U.S. Dist. LEXIS 235420, at *11–12 (N.D. Tex. 2018), the Court must assume the plaintiffs' silence indicates that they do not oppose Tyson's factual contentions, or that they do not believe that any potential injury that could result from granting the stay would be substantial. Tyson avers that this case "is still at the earliest stages of litigation" in state court. [Dkt. 42 at 10]. This means the "only potential injury" facing the plaintiffs would be a "delay in vindicat[ing]" their claim, which "weighs in favor of" granting a stay. *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011). Accordingly, under the third *Hilton* factor, Tyson has sufficiently demonstrated that "substantial injury" will not result to the other parties.

4. *Public Interest*

When a case presents "substantial legal issues on appeal[,]" it may expose the parties and the courts to a "high risk of duplicative litigation" absent a stay. *Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-cv-464, 2008 U.S. Dist. LEXIS 55100, at *15–16 (E.D. Tex. 2008). This Court has consistently found that controlling litigation expenses and conserving judicial resources do not only benefit the private interests of the parties but also the judicial system and "the public as a whole." *Id.* at 15 (citing *Zoltar Satellite Sys., Inc. v. LG Elec. Mobile Comms. Co.*, 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005) (Davis, J.)); *see also Cruzon v. Jackson Nat'l Life Ins. Co.*, No. 4:16-cv-00912, 2018 U.S. Dist. LEXIS 98161, at *12 (E.D. Tex. 2018) (Mazzant, J.) (noting a "general public policy of preserving judicial resources from the risk of reversal"). This case presents substantial and serious legal issues. In the post-*Baltimore* landscape, the likelihood of a protracted appeal creates a high risk of duplicative litigation in § 1442 cases absent a stay. Accordingly, while granting this stay presents a low likelihood of harm to the parties, the courts, and the public, denying this stay could certainly cause significant harm to private and public interests.

Moreover, courts within the Fifth Circuit have found that resolving "complex and important issues" of law serves the public interest. *See Nevada v. U.S. DOL*, No. 4:16-cv-00731, 2018 U.S. Dist. LEXIS 73970, at *14–15 (E.D. Tex. 2018) (Mazzant, J.); *Howell v. Town of Ball*, No. 1:12-cv-00951, 2017 U.S. Dist. LEXIS 201775, at *5 (W.D. La. 2017) (stating that "the public interest favors resolution of . . . disputed legal issues"). As of this Order, the Fifth Circuit has not addressed the novel argument raised in this line of cases, that: absent a contract or other formal indicia of an employer–employee or principal–agent relationship, that mere designation as "critical infrastructure" in an executive order issued pursuant to the Defense Production Act, or alternatively, mere designation as "critical infrastructure" followed by interaction with federal agencies, establishes federal officer removal jurisdiction under § 1442. There are presently intra- and inter-circuit splits on this issue. *Compare Fernandez*, 509 F. Supp. 3d 1064 (N.D. Iowa 2020)

*and Glenn*, 2021 U.S. Dist. LEXIS 153350 (E.D. Tex. Aug. 12, 2020), *with Fields*, 2021 WL 410620 (E.D. Tex. Feb. 11, 2021), *and Wazelle*, 2021 WL 2637335 (N.D. Tex. June 25, 2021). Furthermore, this issue is likely to arise in future cases involving COVID-19 exposure in workplaces designated as critical infrastructure during this ongoing pandemic.

In sum, this case presents complex, important, and disputed legal issues, so staying the remand order during the pendency of the Fifth Circuit's decision furthers a significant public interest. Therefore, the fourth *Hilton* factor weighs in favor of granting a stay.

## CONCLUSION

It is therefore **ORDERED** that Defendant, Tyson Foods, Inc.'s Motion for Stay Pending Appeal [Dkt. 42] is **GRANTED**. Accordingly, the execution of this Court's Order Granting Plaintiffs' Motion to Remand [Dkt. 40] is **STAYED** pending the outcome of appeal to the Fifth Circuit.

**SIGNED this 10th day of September, 2021.**

Michael J. Truncale
United States District Judge